SIERRA CLUB; Jerry Williams; Defenders of the Ouachita Forest; Sherry Balkenhol; Bill Greer; Stan Heard, Plaintiffs,

Ouachita Watch League; Concerned Citizens of Hot Springs; Beth Johnson, Intervenors,

v.

F. Dale ROBERTSON, Chief, USDA Forest Service; John E. Alcock; John M. Curran, Supervisor, Ouachita National Forest; Larry Theivagt; George Landrum; Paul Fuller; Don Monk; John Archer; James Watson; Robert Raines; Douglas Webb; Eugene Hayes, in his official capacity as Fourche District Ranger, USDA Forest Service, Defendants–Appellees,

Arkansas Forestry Association; Ouachita National Forest Timber Purchasers Group; Region 8 Forest Service Timber Purchasers Council, Intervenor–Appellees.

State of Arkansas, Movant–Appellant.

No. 91–2565.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1992.

Decided March 27, 1992.

Jeffery A. Bell, Little Rock, Ark., argued (Winston Bryant, Jeffrey A. Bell and Mary B. Stallcup, on brief), for appellant.

Peter A. Appel, Washington, D.C., argued (Barry M. Hartman, J. Michael Fitzhugh, Charles E. Smith, Martin W. Matzen, David F. Shuey and Peter A. Appel, on brief), and Vicki Breman, Atlanta, Ga., of counsel, for appellees.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,* District Judge.

WOLLMAN, Circuit Judge.

The State of Arkansas appeals from the district court's denial of the State's motion to intervene as a plaintiff in an action against the Forest Service. We reverse and remand.

### I.

The Forest Service proposed to implement certain forest management practices (the "Plan") in the Ouachita National Forest in Arkansas. The Plan addressed, among other things, the production of trees in even-aged stands and the use of burning, clearcutting, and herbicides.

The Sierra Club, certain private citizens, and another private organization ("Plaintiffs") filed suit against the Forest Service for declaratory and injunctive relief. Plaintiffs asked the court to declare the Plan void and to enjoin its implementation, alleging that the proposed forest management practices would detract from the aesthetic value of the Forest and lessen their enjoyment of hunting, hiking, biking, fishing and other recreational activities. Plaintiffs also claimed that the practices would diminish tourism.

After the district court stayed the proceedings to accommodate an administrative appeal, and before the Forest Service had filed an answer to the complaint, the State moved to intervene as a plaintiff. The State sought intervention as of right under Fed.R.Civ.P. 24(a)(2) or, in the alternative, permissive intervention under Fed.R.Civ.P. 24(b)(2).

The State sought to intervene in order to protect a number of interests. The State asserts an interest in the fish and wildlife within the state, which it holds in trust for its citizens. The State also claims an interest in protecting the recreational opportunities of its citizens and in promoting the tourism industry, both for the sake of the state economy and as a source of tax revenue. It also asserts an interest as a property owner: the State owns parks within and adjacent to the Ouachita National Forest, and it leases land downstream from the Forest for use as recreational areas. All these interests are threatened, the State alleges, because the proposed practices could degrade the quality of the water flowing from the Forest, destroy wildlife habitat, and diminish the scenic and aesthetic quality of the state.

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

## II.

■ A timely motion to intervene as of right under Fed.R.Civ.P. 24(a)(2) should be granted where three conditions are met: 1) the proposed intervenor has an interest in the subject matter of the action; 2) the interest may be impaired; and 3) the interest is not adequately represented by an existing party to the action. *Little Rock School Dist. v. Pulaski Special School Dist. No. 1*, 738 F.2d 82 (8th Cir.1984). The district court denied the State's motion on the ground that Plaintiffs adequately represent the State's interests.[1]

■ We must first determine the appropriate standard to apply when reviewing the district court's decision as to the adequacy of representation. Several Circuits have expressly adopted a de novo standard for reviewing the denial of a motion to intervene as of right, except as to the timeliness requirement. *United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir.1991); *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir.1990); *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989); *see also Walters v. City of Atlanta*, 803 F.2d 1135, 1151 n. 16 (11th Cir.1986) (review denial of motion to intervene of right "for error," and denial of motion for permissive intervention for abuse of discretion); *Cook v. Boorstin*, 763 F.2d 1462, 1468 (D.C.Cir. 1985) (application for intervention of right seems to pose only question of law, but "we would ordinarily ... give substantial weight to a trial court's findings" regarding whether intervention comports with efficiency and due process). Other Circuits have adopted an abuse of discretion standard of review. *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir.1991); *International Paper Co. v. Town of Jay, Me.*, 887 F.2d 338, 344 (1st Cir.1989); *Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir.), *cert. denied*, 484 U.S. 947, 108 S.Ct. 336, 98 L.Ed.2d 363 (1987); *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 990–91 (2d Cir.1984).

While the parties have not referred us to any case in which we explicitly announced the appropriate standard, the language employed in our previous decisions indicates that de novo review is appropriate. *See Little Rock School Dist.*, 738 F.2d at 84 ("We respectfully disagree with the District Court's assessment of the motion for leave to intervene."); *S.E.C. v. Flight Transp. Corp.*, 699 F.2d 943, 948 (8th Cir. 1983) (proposed intervenor had "met the 'minimal' burden of showing that its interests may not be adequately represented"); *Corby Recreation, Inc. v. General Elec. Co.*, 581 F.2d 175, 176 (8th Cir.1978) ("[w]e disagree" with district court's denial of motion to intervene); *Planned Parenthood of Minn. v. Citizens for Community Action*, 558 F.2d 861, 870 (8th Cir.1977) (proposed intervenor showed representation inadequate, and thus "the District Court erred in refusing" intervention); *Liddell v. Caldwell*, 546 F.2d 768, 771 (8th Cir.1976) (court "find[s] that intervention should be allowed"), *cert. denied*, 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed.2d 1100 (1977); *Kozak v. Wells*, 278 F.2d 104, 110 (8th Cir.1960) ("[w]e conclude" that representation may be inadequate).

This standard of review comports with our usual practice of reviewing de novo a district court's application of law to undisputed facts. *See, e.g., Forrest City Mach. Works, Inc. v. United States*, 953 F.2d 1086, 1089 n. 4 (8th Cir.1992); *see also* Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 1902 at 231 (1986) ("an application for intervention of right seems to pose only a question of law"). Accordingly, in the light of the language in our prior decisions and in accordance with the holdings of the Fifth, Sixth, and Ninth Circuits, we will review de novo the district court's decision regarding the adequacy of representation.

## III.

■ The "inadequate representation" condition is satisfied if the proposed intervenor shows that the representation of its

---

1. We agree with the State that in view of the procedural history of this case, the timeliness of the State's motion to intervene is not an issue in this appeal.

interests by the current party or parties to the action "may be" inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). The burden for making this showing "should be treated as minimal." *Id.* Doubts regarding the propriety of permitting intervention should be resolved in favor of allowing it, because this serves the judicial system's interest in resolving all related controversies in a single action. *Kozak*, 278 F.2d at 112.

■ The district court held that the State had not shown that its interest in the federally-owned and operated Ouachita National Forest differs in any way from the interests of the Plaintiffs. *Sierra Club v. Robertson*, 764 F.Supp. 546, 548 (W.D.Ark. 1991). Moreover, the district court reasoned, the State had not shown how its interests would not be protected by the Plaintiffs, since the State's proposed complaint seeks the same relief, and on the same grounds, as does the Plaintiffs' complaint.

■ The "tactical similarity" of the "legal contentions" of a current party with that of a proposed intervenor, however, does not assure adequate representation. *Nuesse v. Camp*, 385 F.2d 694, 703 (D.C.Cir.1967). Rather, we determine the adequacy of representation primarily by comparing the interests of the proposed intervenor with the interests of the current parties to the action. *See Planned Parenthood of Minn.*, 558 F.2d at 870 (intervention appropriate where the interests of proposed intervenor and current party, "while not adverse, are disparate," even though both sought same legal goal).

Here, the Plaintiffs are private individuals and environmental groups. The groups represent the interests of their members and answer only to their members. Although they allege that the proposed practices would harm their recreational use of the Forest, they have no property interest as such which would be affected.

The State's interests differ from the Plaintiffs' interests in several ways. First, the State is a government entity, obliged to represent the interests of all of its citizens.

Second, the State has property interests at stake, inasmuch as it owns state parks within and adjacent to the Ouachita National Forest. It also holds the fish and wildlife present within the Forest in trust for all Arkansas citizens. In addition, it leases recreation land downstream from the Forest. Third, the State has an interest in protecting and promoting the state economy on behalf of all of its citizens. The State therefore has an interest in sustaining the vitality of both the forest products and tourism industries. Fourth, the State has an interest in protecting its tax revenues.

We conclude that the State has met its minimal burden of showing that its interests are sufficiently disparate from those of the Plaintiffs that its interests may not be adequately represented by the Plaintiffs. The State is therefore entitled to intervene as of right. Having so concluded, we need not address whether the State is entitled to permissive intervention.

The judgment is reversed, and the case is remanded with directions that the State be permitted to intervene in this action.