Jeffrey MAUSOLF; William Kullberg; Arlys Strehlo; Minnesota United Snowmobilers Association, Plaintiffs,

v.

Bruce BABBITT, Secretary, Department of the Interior; Roger Kennedy, Director, National Park Service; Mollie Beattie, Director, U.S. Fish and Wildlife Service; Ben Clary, Superintendent, Voyageurs National Park, Defendants.

and

Voyageurs Region National Park Association; Sierra Club, North Star Chapter; The Humane Society of the United States; The Friends of the Boundary Waters Wilderness; The National Park and Conservation Association; and Izaak Walton League of America, Applicants for Intervention.

Civ. No. 5–94–8.

United States District Court,
D. Minnesota,
Fifth Division.

Sept. 7, 1994.

144

Corey J. Ayling, Minneapolis, MN, for plaintiffs.

Joseph R. Penella, Washington, DC, for defendants.

Michael A. Ponto, Minneapolis, MN, for intervenors.

### ORDER

ERICKSON, United States Magistrate Judge.

#### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to

a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A) and (B), upon the filing of a Motion to Intervene by the Voyageurs Region National Park Association and various other environmental groups which, for purposes of convenience, we will jointly refer to as the "Association."

At the Hearing on the Motion, the Plaintiffs appeared by Corey J. Ayling, Esq., the Defendants appeared by Joseph R. Perella, Esq., and the putative Intervenors appeared by Michael A. Ponto, Esq.

For reasons which follow, we deny the Motion to Intervene but we grant the Association *amicus curiae* status.

#### II. *Factual and Procedural Background*

By a Complaint filed on January 14, 1994, the Plaintiffs have urged the Court to judicially review the Defendant's administrative decision to impose certain restrictions upon snowmobiling in the Voyageurs National Park ("the Park"), and to enjoin the Defendants' enforcement of those restrictions. The Plaintiffs are composed of three individuals, each of whom is an avid snowmobiler, and the Minnesota United Snowmobilers Association ("MUSA"). The Defendants include the Secretary of the Department of the Interior, Bruce Babbitt; the Director of the National Park Service, Roger Kennedy; the Director of the U.S. Fish and Wildlife Service, Mollie Beattie; and the Superintendent of Voyageurs National Park, Ben Clary.

The Association seeks intervention, as a full party to these proceedings, because of their acknowledged interest in restricting the use of snowmobiles in the Park, and in maintaining and preserving the pristine nature of this Nation's wildlife and wilderness refuges. In times past, the Association has commenced litigation against certain of the Defendants in an effort to require the affected governmental agencies to consider the propriety of restricting areas of the Park from access by snowmobiles. See, *Voyageurs Regional National Park Association, et al. v. Manuel Lujan, et al.*, Civ. No. 4–90–434, 1991 WL 343370.

As noted, the Plaintiffs seek both declaratory and injunctive relief under the Adminis-

trative Procedures Act, and they contend that the closure of certain areas of the Park from snowmobiling is an exercise of agency rulemaking that was unsupported by substantial evidence, was arbitrary and capricious, and was in contravention of the Defendants' own procedural mandates. According to the Plaintiffs, not only was the imposition of snowmobiling restrictions an abrupt "about face" on the Defendants' part, but the Defendants failed to consider the best available scientific and commercial data in creating the restrictions that were formulated.

The Defendants have produced the Administrative Record of its rulemaking, which is comprised of internal government memoranda, environmental and wildlife studies, and other data that is pertinent to the implementation of trail plans and restrictions within the Park. The Plaintiff and the Defendants have agreed that this Record contains the basis of their dispute and that, unless something essential is missing from that Record, no further discovery will be implemented. Both the Plaintiffs and the Defendants have now filed their respective Motions for Summary Judgment.

Insofar as its interests are concerned, the Association does not contest the propriety of the restrictions that the Defendants have imposed upon the use of snowmobiles within the Park. Accordingly, if permitted to appear as a Defendant in this matter, the Association would seek the dismissal of the Plaintiffs' claim. While the Association is keenly interested in intervention, so as to forestall or preclude the potential that the Defendants might modify the restrictions that have been promulgated, in an effort to amicably resolve this matter, there is no showing that the Association participated in the administrative proceedings which resulted in the restrictions that the Plaintiffs here contest.

For their part, the Plaintiffs implicitly accede to the appreciable interest that the As-sociation has in regulating the use of snowmobiles in the Park, as the Plaintiffs are amenable to offering the Association *amicus* status in these proceedings. Nevertheless, the Plaintiffs deny that the Association has such a direct interest as would warrant intervention and they maintain that, in any event, whatever interests the Association might have, those interests are adequately promoted by the Defendants, as responsible governmental officials. On their own behalf, the Defendants do not object to the Association's intervention, although they underscore that their "lack of objections * * * does not constitute an endorsement of the statements made in [the Association's] application" for intervention.

### III. *Discussion*

Under Rule 24(a)(2),[1] Federal Rules of Civil Procedure, a party has the right to intervene in an action upon timely application:

[W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(b)(2)[2] also provides for permissive intervention by parties:

[W]hen an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Notably, the parties do not dispute the timeliness of the Motion to Intervene and, therefore, the issues before us resolve to whether intervention is proper either as of right, or

---

1. Rule 24(a)(1), Federal Rules of Civil Procedure, permits intervention of right "when a statute of the United States confers an unconditional right to intervene." The Association does not rely on any such statute, and we find this basis for intervention of right to be wholly inapplicable.

2. Rule 24(b)(1) allows permissive intervention "when a statute of the United States confers a conditional right to intervene." Here again, the Association has not premised its Motion to Intervene upon any statute which, conditionally, confers an intervention right, and we do not address the provisions of Rule 24(b)(1) further.

permissively. We address each of these means to intervention in turn.

A. *Intervention as of Right.* As the language of Rule 24(a) makes clear, one seeking intervention "must satisfy a tripartite test: 1) the party must have a recognized interest in the subject matter of the litigation; 2) that interest must be one that might be impaired by the disposition of the litigation; 3) the interest must not be adequately protected by the existing parties." *Mille Lacs Band of Indians v. Minnesota,* 989 F.2d 994, 997 (8th Cir.1993).

The first issue, then, is whether the Association has a substantial interest in the subject matter of this litigation. The Association contends that, as a collection of nonprofit, public interest organizations, its interest in party status is to assure the protection and the preservation of the Park and its resources. Our Court of Appeals has held that an interest—such as would merit intervenor status—must be more than "peripheral or insubstantial; the applicant must assert a 'significantly protectable interest.'" *Planned Parenthood v. Citizens for Comm. Action,* 558 F.2d 861, 869 (8th Cir.1977) (citing *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971)).

■ Relying upon the Supreme Court's analysis in *Lujan v. Defenders of Wildlife,* — U.S. ——, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the Plaintiffs urge that, since the Association would not have standing to sue these Defendants—because it has purportedly suffered no injury in fact—the Association should not be allowed to intervene. We decline, however, the Plaintiffs' invitation to

equate the requisites of the standing to sue doctrine with the level of interest which would merit intervenor status. The Federal Rules of Civil Procedure do not demand that a party have standing to sue in order to intervene as a party, the Supreme Court has declined to decide whether an intervenor must have such standing, *Diamond v. Charles,* 476 U.S. 54, 69, 106 S.Ct. 1697, 1707, 90 L.Ed.2d 48 (1986), and our Court of Appeals imposes no such standing requirement.[3] The question of standing, therefore, is irrelevant to our determination of whether the Association may intervene as of right.[4]

■ The Association has asserted a specific interest in the use of the Park, and in preserving the Park from the harms of unrestricted snowmobiling, on aesthetic, scientific and recreational grounds. The Association notes that such a "substantial interest" has been found adequate, for intervention purposes, in the past. In particular, the Association draws our attention to *United States v. Reserve Mining Co.,* 56 F.R.D. 408, 418 (D.Minn.1972), where various environmental organizations were permitted to intervene, as of right, in order to protect their interest in abating any potentially contaminating sources to Lake Superior. In response, the Plaintiffs seek to distinguish the Court's reasoning in *Reserve* by obliquely asserting that the decision "primarily concern[ed] interventions by a governmental body." While the distinction is true—at least as a general observation—the Court did not so broadly gloss the characteristics of the private, environmental associations in granting them intervenor status in that case. On the record before

---

3. Our review has failed to disclose any case in which our Court of Appeals has expressly discussed the applicability of the standing doctrine to the issue of intervention as of right. As recognized by the Supreme Court in *Diamond v. Charles,* 476 U.S. at 61, 69 n. 21, 106 S.Ct. at 1703, 1707 n. 21, 90 L.Ed.2d 48 (1986), the Court of Appeals for the Eighth Circuit resolves questions of intervention without reference to the standing doctrine. See, e.g., *Mille Lacs Band of Indians v. Minnesota,* 989 F.2d 994, 997 (8th Cir.1993); *Planned Parenthood v. Citizens for Comm. Action,* 558 F.2d 861, 869 (8th Cir.1977).

4. Accordingly, we need not further address the Article III considerations which drive a standing

to sue analysis. See, e.g., *Lujan v. Defenders of Wildlife,* — U.S. ——, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Sierra Club v. Robertson,* 28 F.3d 753 (8th Cir.1994). Suffice it to say that, even if we were to conclude that the Association was unable to demonstrate "an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," we would not preclude intervenor status so long as the Association had a "recognized interest in the subject of the litigation." *Mille Lacs Band of Indians v. Minnesota,* supra at 997.

us, we find that the Association has had a continuing and recognized interest in assisting in the management of snowmobiling in the Park that may appropriately be characterized as a "significantly protectable interest."[5]

Having found a recognized interest, we have no hesitancy in concluding that, under the second prong of Rule 24(a)(2), an adverse ruling would impair the Association's ability to protect the wildlife and wilderness qualities of the Park. Indeed, we do not understand the Plaintiffs to be challenging the Association's ability to satisfy this aspect of the intervention analysis, so long as the Association had satisfied the first prong of Rule 24's requisites for intervention.

■ Accordingly, our analysis turns to the final inquiry under Rule 24(a)(2); namely, whether the Association's interests are adequately represented by the existing Defendants. Ordinarily, parties seeking intervention need only satisfy a "minimal burden" of demonstrating that their interests will not be adequately represented by the then current parties to the suit. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972); *Mille Lacs Band of Indians v. Minnesota*, supra at 999. Under this final step in the analysis, the Courts determine "the adequacy of representation primarily by comparing the interests of the proposed intervenor with the interests of the current parties to the action." *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir.1992).

■ When one of the parties is a governmental entity, however, the test is more exacting because of the doctrine of *parens patriae. Mille Lacs Band of Indians v. Minnesota*, supra at 1000.[6] This doctrine presumes

that a State will represent all of the interests of its citizens for intervention purposes. *Id.* The Defendants represent the citizenry on matters of wildlife and wilderness preservation and, while the Association may not always agree with the stances taken by those Defendants either nationally or within the Park, we are unable to find an adequate showing by the Association, that it possesses special, parochial or private interests which warrant a separate party status as to these proceedings. We are not unmindful that, in the last go-around, the Defendants were on obverse sides of the conflict with the Association. We suspect, without knowing, that their interests in other aspects of the Defendants' management of the Park may also be at odds. Nevertheless, as to the specific issues in contest in these proceedings, the Association has not persuasively isolated any specific interest that will go unprotected if its Motion to Intervene is denied.

We find unpersuasive the Association's contention that the Defendants, by and large, have national interests in mind and not the betterment of the Park as their foremost priority. Nor do we find the Association's reliance on the *Mille Lacs* case to be well-placed. There, our Court of Appeals concluded that the State of Minnesota could not adequately represent the interests of individual counties and landowners who sought to protect the value of their lands from disparagement if an Indian Band should be granted certain fishing and gaming rights there at issue. The Court based its determination on the decisional case law which holds that the narrower interest of an intervenor may not be subsumed within a government's broader public interest. *Id.; Dimond v. District of Columbia*, 792 F.2d 179, 192–93 (D.C.Cir. 1986). In *Mille Lacs*, the Court reasoned that the general presumption of adequate

---

**5.** While we have not independently conducted a standing to sue analysis, our conclusion that the Association has a "significantly protectable interest" is corroborated by the District Court's finding, in *Voyageurs Regional National Park Association, et al. v. Manuel Lujan, et al.*, supra, that the Association had satisfied the "two-part standing test outlined by the Supreme Court in *Lujan [v. National Wildlife Federation, supra]."

**6.** As noted by the Court in *Mille Lacs Band of Indians v. Minnesota*, supra at 1000:

Under the *parens patriae* concept * * * a state that is a party to a suit involving a matter of sovereign interest is presumed to represent the interests of all its citizens. Thus, to intervene in a suit in district court in which a state is already a party, a citizen or subdivision of that state must overcome this presumption of adequate representation.

Quoting, *Environmental Defense Fund, Inc. v. Higginson*, 631 F.2d 738 (D.C.Cir.1979).

representation by a governmental party may be rebutted with a showing of "local and individual interests not shared by the general citizenry." *Mille Lacs Band of Indians v. Minnesota,* supra at 1001.

As a consequence, although a Government party will usually represent the general interests of its citizens, private interests such as an interest in property, in property valuations or in financial interests, may not be adequately protected by the Government's status as *parens patriae. Id.; Planned Parenthood v. Citizens for Comm. Action,* supra at 870. In the present case, the Association has not identified a specific interest in the litigation that would not be adequately protected by the Government. The Association's interest in the protection of wildlife and of the recreational uses of the Park are general interests that are shared by the citizenry, and do not rise to the level of a property interest. *Sierra Club v. Robertson,* supra at 86.[7]

While we adhere to the general policy within this Circuit which resolves any doubts in favor of allowing intervention so as to serve the "judicial system's interest in resolving all related controversies in a single action," *Sierra Club v. Robertson,* 960 F.2d 83, 86 (8th Cir.1992); *Kozak v. Wells,* 278 F.2d 104, 112 (8th Cir.1960), here we are not presented with a doubtful case. Since the Association's posture and interests are adequately served by the Defendants, we deny the Association's Motion to Intervene.

B. *Permissive Intervention.* Under the doctrine of permissive intervention, the Court has broad discretion to allow intervention if the "claim or defense and the main action have a question of law or fact in common." *Rule 24(b)(2), Federal Rules of Civil Procedure.* The Rule cautions, however, that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* The original parties have agreed to limited discovery and are ready to proceed with the case. If the Association were allowed to join with party status, the future processing of this action would be subject to the Association's interest in conducting such discovery and further joinder of issues and parties as the Association might believe are in its best interests. Although the Court has the discretion to allow intervention in this case, we decline to do so as we are firmly of the belief that the Association's interests in addressing the issues before the Court are fully served by an *amicus curiae* status.

C. *Status as Amicus Curiae.* A District Court has broad inherent authority to permit or deny an appearance as *amicus curiae* in a given case. *United States v. Ahmed,* 788 F.Supp. 196, 198 n. 1 (S.D.N.Y. 1992), aff'd, 980 F.2d 161 (2d Cir.1992). The amicus privilege "rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Leigh v. Engle,* 535 F.Supp. 418, 420 (N.D.Ill.1982).

Upon our close review of the Association's Motion papers, we are satisfied that it has knowledge, experience and a perspective, all of which are specifically related to the Park, which may assist the Court in its resolution of the issues raised by the parties in this case. Accordingly, we grant the Association the opportunity to appear *amicus* in this proceeding and, upon its request, the Association may file with the Court a Memorandum of Law which will conform to all applicable Local Rules, and which will address the respective Summary Judgment Motions of the parties.

NOW, THEREFORE, It is—

---

7. While not dispositive of the issue before us, we note that, in *Voyageurs Regional National Park Association, et al. v. Manuel Lujan,* supra, the District Court denied intervention to certain of the Plaintiffs here as their interests, in defending against the claims of the Association, were adequately represented by the Government. Here, the tables are reversed, and now it is the Association which is alleging an inadequacy in the Government's ability to represent its interests. We think the reasoning of the District Court in *Voyageurs Regional National Park,* in finding an adequacy in the Government to represent the interests of its citizens, including public interest, recreational groups, is fully applicable here. As was the circumstance in the *Voyageurs Regional National Park* case, the Association here has not substantiated any private interest in this litigation which is not duplicative of the interests of the Defendants.

ORDERED:

1. That the Association's Motion to Intervene [Docket No. 4] is DENIED.

2. That the Court grants the Association, *sua sponte,* the opportunity to appear *amicus curiae,* and to submit its position on the parties' respective Summary Judgment Motions, by the service and filing of a Memorandum of Law, and to address any other issues that may arise in these proceedings upon a request to, and leave granted by, the District Court.