# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3088

_____

| | | |
|---|---|---|
| Little Rock School District, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Servicemaster Management Services; | * | |
| Blytheville School District; Bryant | * | |
| School District; Fort Smith School | * | |
| District; West Memphis School District; | * | |
| Altus-Denning School District; | * | |
| Ashdown School District; Barton-Lexa | * | Appeals from the United States |
| School District; Batesville School | * | District Court for the |
| District; Biggers-Reyno School District; | * | Eastern District of Arkansas. |
| Black Rock School District; Bright Star | * | |
| School District; Brinkley School | * | |
| District; Centerpoint School District; | * | |
| Clarendon School District; Cotton Plant | * | |
| School District; Cutter Morning Star | * | |
| School District; Dewitt School District; | * | |
| Dollarway School District; Foreman | * | |
| School District; Fountain Lake School | * | |
| District; Gillett School District; Glen | * | |
| Rose School District; Guy-Perkins | * | |
| School District; Hoxie School District; | * | |
| Jonesboro School District; Kirby School | * | |
| District; Lavaca School District; | * | |
| Lewisville School District; Magazine | * | |
| School District; Malvern School | * | |
| District; Mammoth Spring School | * | |
| District; Manila School District; | * | |
| Maynard School District; Oden School | * | |
| District; Ozark School District; | * | |

Plainview-Rover School District; *
Pocahontas School District; Prairie *
Grove School District; South Conway *
School District; Spring Hill School *
District; Stamps School District; *
Stephens School District; Turrell School *
District; Van Buren School District; *
Warren School District; Watson Chapel *
School District; West Fork School *
District; White Hall School District; *
Winslow School District; Wonderview *
School District; Yellville-Summit *
School District; Alma School District; *
Alread School District; Beebe School *
District; Bentonville School District; *
Bergman School District; Berryville *
School District; Blevins School District; *
Booneville School District; Bradford *
School District; Buffalo Island School *
District; Caddo Hills School District; *
Carthage School District; Charleston *
School District; Corning School *
District; County Line Public School *
District; Crossett School District; *
Decatur School District; Dermott *
School District; Dumas School District; *
Elaine School District; Fordyce School *
District; Gosnell School District; Grady *
School District; Greeb County *
Technical Schools; Green Forest School *
District; Greenland School District; *
Greenwood School District; Harrisburg *
School District; Hamburg School *
District; Holly Grove School District; *
Huttig School District; Jackson County *
School District; Junction City School *
District; Lakeside School District; Lead *

Hill School District; Leslie School District; Marion School District; Marshall School District; Mayflower School District; McGehee School District; Mountainburg School District; Nettleton School District; Newport School District; Ola School District; Paragould School District; Parkin School District; Pleasant View School District; Quitman School District; Rural Special School District; Saratoga School District; Searcy School District; Smackover School District; Southside School District #2 Bee Branch; Strong School District; Stuttgart School District; Valley Spring School District; Waldron School District; Weiner School District; Wickes School District; Wynne School District,

Intervenor Plaintiffs,

North Little Rock Classroom Teachers Association; Pulaski Association of Classroom Teachers; Little Rock Classroom Teachers Association; Alexa Armstrong; Karlos Armstrong; Ed Bullington; Khayyam Davis; John Harrison; Alvin Hudson; Tatia Hudson; Milton Jackson; Lorene Joshua; Leslie Joshua; Stacy Joshua; Wayne Joshua; Katherine Knight; Sara Facen; Derrick Miles; Janice Miles; John M. Miles; NAACP; Joyce Person; Brian Taylor; Hilton Taylor; Parsha Taylor; Robert Willingham; Tonya Willingham,

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

|  |  |
|---|---|
| Intervenor Plaintiffs/ | * |
| Appellees, | * |
|  | * |
| v. | * |
|  | * |
| North Little Rock School District, | * |
|  | * |
| Defendants, | * |
|  | * |
| Pulaski County Special School District, | * |
|  | * |
| Defendants/Appellees, | * |
|  | * |
| State of Arkansas, | * |
|  | * |
| Defendant, | * |
|  | * |
| Office of Desegregation Monitor, | * |
|  | * |
| Claimant, | * |
|  | * |
| Northeast Arkansas School District, | * |
|  | * |
| Movant Below. | * |
| _____ | * |
|  | * |
| Dale Charles; Robert L. Brown, Sr.; | * |
| Gwen Hevey Jackson; Diane Davis; | * |
| Raymond Frazier, | * |
|  | * |
| Plaintiffs, | * |
|  | * |
| v. | * |
|  | * |
| Pulaski County Board of Education, | * |
|  | * |
| Defendants/Appellees, | * |

|  | * |
| Patricia Gee, Individually and in her Official Capacity as a Member of the Board of Education of the Little Rock School District, A Public Body; George Cannon, Dr., Individually and in his Official Capacity as a Member of the Board of Education of the Little Rock School District, A Public Body; Katherine Mitchell, Dr., Individually and in her Official Capacity as a Member of the Board of Education of the Little Rock School District, a Public Body; W.D. Hamilton, also known as Bill Hamilton, Individually and in his Official Capacity as a Member of the Board of Education of the Little Rock School District, A Public Body; Cecil Bailey, Individually and in his Official Capacity as a Member of the Pulaski County Board of Education, a Public Corporate; Thomas Broughton, Individually and in his Official Capacity as a Member of the Pulaski County Board of Education, a Public Corporate; Martin Zoldessy, Dr., Individually and in his Official Capacity as a Member of the Pulaski Board of Education, a Public Corporate, | * |

Defendants,

Greg Bollen; James Bolden; Martha Whatley; Sue Ann Whisker,

Movant Below/Appellants.

-5-

_____

No. 03-3404
_____

Little Rock School District,                    *
                                                *
                    Plaintiff,                  *
                                                *
Servicemaster Management Services;              *
Blytheville School District; Bryant             *
School District; Fort Smith School              *
District; West Memphis School District;  *
Altus-Denning School District;                  *
Ashdown School District; Barton-Lexa            *
School District; Batesville School              *
District; Biggers-Reyno School District;  *
Black Rock School District; Bright Star  *
School District; Brinkley School                *
District; Centerpoint School District;          *
Clarendon School District; Cotton Plant  *
School District; Cutter Morning Star            *
School District; Dewitt School District;  *
Dollarway School District; Foreman              *
School District; Fountain Lake School           *
District; Gillett School District; Glen         *
Rose School District; Guy-Perkins               *
School District; Hoxie School District;         *
Jonesboro School District; Kirby School  *
District; Lavaca School District;               *
Lewisville School District; Magazine            *
School District; Malvern School                 *
District; Mammoth Spring School                 *
District; Manila School District;               *
Maynard School District; Oden School            *
District; Ozark School District;                *
Plainview-Rover School District;                *

Pocahontas School District; Prairie *
Grove School District; South Conway *
School District; Spring Hill School *
District; Stamps School District; *
Stephens School District; Turrell School *
District; Van Buren School District; *
Warren School District; Watson Chapel *
School District; West Fork School *
District; White Hall School District; *
Winslow School District; Wonderview *
School District; Yellville-Summit *
School District; Alma School District; *
Alread School District; Beebe School *
District; Bentonville School District; *
Bergman School District; Berryville *
School District; Blevins School District; *
Booneville School District; Bradford *
School District; Buffalo Island School *
District; Caddo Hills School District; *
Carthage School District; Charleston *
School District; Corning School *
District; County Line Public School *
District; Crossett School District; *
Decatur School District; Dermott *
School District; Dumas School District; *
Elaine School District; Fordyce School *
District; Gosnell School District; Grady *
School District; Greeb County *
Technical Schools; Green Forest School *
District; Greenland School District; *
Greenwood School District; Harrisburg *
School District; Hamburg School *
District; Holly Grove School District; *
Huttig School District; Jackson County *
School District; Junction City School *
District; Lakeside School District; Lead *
Hill School District; Leslie School *

District; Marion School District; Marshall School District; Mayflower School District; McGehee School District; Mountainburg School District; Nettleton School District; Newport School District; Ola School District; Paragould School District; Parkin School District; Pleasant View School District; Quitman School District; Rural Special School District; Saratoga School District; Searcy School District; Smackover School District; Southside School District #2 Bee Branch; Strong School District; Stuttgart School District; Valley Spring School District; Waldron School District; Weiner School District; Wickes School District; Wynne School District; North Little Rock Classroom Teachers Association,

Intervenor/Plaintiff,

Pulaski Association of Classroom Teachers; Little Rock Classroom Teachers Association; Alexa Armstrong; Karlos Armstrong; Ed Bullington; Khayyam Davis; John Harrison; Alvin Hudson; Tatia Hudson; Milton Jackson; Lorene Joshua,

Intervenor Plaintiffs/ Appellants,

Leslie Joshua; Stacy Joshua; Wayne Joshua; Katherine Knight; Sara Facen; Derrick Miles; Janice Miles; John M. Miles; NAACP; Joyce Person; Brian

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

Taylor; Hilton Taylor; Parsha Taylor;    *
Robert Willingham; Tonya Willingham,    *
                                           *

            Intervenor Plaintiffs,    *

      v.    *

North Little Rock School District,    *

            Defendant,    *

Pulaski County Special School District,    *

            Defendant/Appellant,    *

State of Arkansas,    *

            Defendant,    *

Office of Desegregation Monitor,    *

            Claimant,    *

Northeast Arkansas School District,    *

            Movant Below.    *
_____    *

Dale Charles; Robert L. Brown, Sr.;    *
Gwen Hevey Jackson; Diane Davis;    *
Raymond Frazier,    *

            Plaintiffs,    *

      v.    *

Pulaski County Board of Education;    *

Patricia Gee, Individually and in her　*
Official Capacity as a Member of the　*
Board of Education of the Little Rock　*
School District, A Public Body; George　*
Cannon, Dr., Individually and in his　*
Official Capacity as a Member of the　*
Board of Education of the Little Rock　*
School District, A Public Body;　*
Katherine Mitchell, Dr., Individually　*
and in her Official Capacity as a　*
Member of the Board of Education of　*
the Little Rock School District, a Public　*
Body; W.D. Hamilton, also known as　*
Bill Hamilton, Individually and in his　*
Official Capacity as a Member of the　*
Board of Education of the Little Rock　*
School District, A Public Body; Cecil　*
Bailey, Individually and in his Official　*
Capacity as a Member of the Pulaski　*
County Board of Education, a Public　*
Corporate; Thomas Broughton,　*
Individually and in his Official Capacity　*
as a Member of the Pulaski County　*
Board of Education, a Public Corporate;　*
Martin Zoldessy, Individually and in　*
his Official Capacity as a Member of　*
the Pulaski Board of Education, a　*
Public Corporate,　*
　*
　　　　　Defendants,　*
　*
Greg Bollen; James Bolden; Martha　*
Whatley; Sue Ann Whisker,　*
　*
　　　　　Movant Below/Appellees.　*

-10-

_____

Submitted: May 13, 2004
Filed:   August 5, 2004
_____

Before WOLLMAN, HEANEY, and RICHARD S. ARNOLD, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Greg Bollen, James Bolden, Martha Whatley and Sue Ann Whisker (the Bollen Group), appeal from the denial of their motion to intervene as a matter of right in the dispute in the district court[1] over whether the decision by the Arkansas State Board of Education (Board) to authorize an election under Ark. Code. Ann. §§ 6-13-1501 to 6-13-1505 (2003) violates the 1989 settlement agreement and various federal court orders involving the desegregation of the Pulaski County schools. The Bollen Group also seeks to appeal the merits of the district court order finding such a violation. We affirm the denial of the motion and therefore do not address the merits of the dispute.

**I.**

Residents of Northeast Pulaski County sought to create an additional school district in Pulaski County by detaching the schools in their region from the Pulaski County Special School District (PCSSD). Following passage in 2001 of Ark. Code. Ann. §§ 6-13-1501 to 6-13-1505, they completed a feasibility study and petitioned the Board to order an election on the proposed detachment. See Ark. Code Ann. § 6-13-1504. Upon request by the Board, the Attorney General provided an advisory opinion on the impact such a detachment might have on the desegregation obligations of the districts involved. The Attorney General stated he could not give a definitive

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

opinion because of "serious questions with regard to *potential* negative impacts on the ability of one or more of the school districts in Pulaski County to comply with their court-imposed obligations in the Pulaski County school desegregation litigation." App. 147. (emphasis in original). After the Board submitted further evidence, the Attorney General issued a second advisory opinion, which stated that under certain circumstances "the creation of the proposed district would not likely be found to hamper, delay or negatively affect desegregation efforts." The opinion reiterated the earlier-expressed concern that detachment might have a negative impact upon and complicate desegregation plans. App. 153-55.

Following a hearing, the Board voted to authorize detachment and issued an order calling for an election to be held on September 16, 2003. PCSSD then filed a motion in district court to enforce the 1989 settlement agreement,[2] arguing that the Board's decision to call for an election constituted a violation of the settlement agreement and various court orders related to court supervision of the continuing Pulaski County desegregation litigation.

The Bollen Group moved to intervene pursuant to Fed. R. Civ. P. 24(a)(2), attaching to the motion pleadings on the merits. The state adopted the reasoning advanced by the Bollen Group. App. 205. The district court denied the motion to intervene, stating that the state would adequately represent the Bollen Group's interests. App. 208. The district court nevertheless allowed the Bollen Group to participate as amicus curiae. App. 209. Following a hearing, the district court ordered the Board to rescind the vote approving the election, stating that the vote authorizing the election violated the state's obligation under the settlement agreement "to preserve the independence and sovereignty of [PCSSD] until such time as it had fulfilled all of its desegregation obligations and achieved unitary status." Add. 9.

---

[2]The settlement agreement was signed by the three school districts in Pulaski County and included desegregation plans for each district.

-12-

**II.**

We first consider whether the motion to intervene was properly denied, because only a party to a lawsuit may appeal from an adverse judgment. Jenkins v. Missouri, 967 F.2d 1245, 1247 (8th Cir. 1992). Accordingly, if the motion was properly denied, we "would be required to dismiss this case without passing upon its merits for lack of a proper appellant." Acree v. Republic of Iraq, 370 F.3d 41, 49 (D.C. Cir. 2004) (citation omitted). We review de novo the district court's determination that a party is not entitled to intervene. South Dakota v. Ubbelohde, 330 F.3d 1014, 1024 (8th Cir. 2003).

A party is entitled to intervene as a matter of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2); Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997). The party seeking intervention must satisfy all three parts of the test. Chiglo, 104 F.3d at 187.

The Bollen Group has an interest in establishing a new school district in Pulaski County and has expended resources to pursue that aim. Its ability to continue to advocate such action is therefore dependent upon the outcome of these proceedings. The principal inquiry in this case is therefore whether or not the state adequately represents the Bollen Group's interest.

We determine if representation is adequate "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." Sierra Club v. Robertson, 960 F.2d 83, 86 (8th Cir. 1992). A party generally need only make a minimal showing "that representation 'may be' inadequate" to be entitled to intervene on that basis, Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., 60 F.3d 1304, 1308 (8th Cir. 1995) (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)), but the burden is greater if the named party is a

-13-

government entity that represents interests common to the public. <u>Curry v. Regents of Univ. of Minn.</u>, 167 F.3d 420, 423 (8th Cir. 1999) (describing the doctrine of <u>parens patriae</u>). We presume that the government entity adequately represents the public, and we require the party seeking to intervene to make a strong showing of inadequate representation; for example, it may show that its interests are distinct and cannot be subsumed within the public interest represented by the government entity. <u>Id.</u>; <u>see also</u> <u>Mille Lacs Band of Chippewa Indians v. Minnesota</u>, 989 F.2d 994, 1000 (8th Cir. 1993). The party may meet that burden by showing that its interests at risk in the litigation are not shared by the general citizenry. <u>See</u> <u>Mille Lacs Band</u>, 989 F.2d at 1001 (noting that a specific property interest in the outcome of the litigation goes beyond the general public interest in the preservation of natural resources); <u>Ubbelohde</u>, 330 F.3d at 1025 (noting that when the government is forced to weigh competing interests, such as weighing upstream and downstream interests in the management of a river system, it may favor one over another and therefore be unable to adequately represent the conflicting interests). It is not sufficient that the party seeking intervention merely disagrees with the litigation strategy or objectives of the party representing its interests. <u>Chiglo</u>, 104 F.3d at 188.

We conclude that the Bollen Group has failed to overcome the presumption that the state adequately represents its interests. In its motion to intervene, the Bollen Group stated that it had "an interest in seeking that the election go forward as a necessary part of the detachment process." App. 25. It asserts that it has a distinct interest because its members will have the right to vote in an election—a right not shared by all state citizens—and contends that a failure to proceed with the election will impair its ability to establish the new school district. Notwithstanding these assertions, we conclude that the state directly represented the Bollen Group's asserted interest by seeking to proceed with the election pursued by its citizens under state law and by specifically adopting the positions advanced by the Bollen Group. The state received a fair and full consideration of its position, and it lost. That the Bollen Group has asserted its interest with arguably greater fervor than has the state and

-14-

would have made different procedural choices, including a decision to appeal, does not make its interest distinct.  See Chiglo, 104 F.3d at 188.

The denial of the motion to intervene is affirmed.  Because the Bollen Group may not appeal the adverse judgment and the state has not appealed, we lack jurisdiction to consider the merits, see Jenkins, 967 F.2d at 1248, and thus we express no opinion thereon.

_____