# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3142

_____

| | | |
|---|---|---|
| Planned Parenthood Minnesota, North Dakota, South Dakota; Carol E. Ball, M.D., | * * * * | |
| Plaintiffs - Appellees, | * * | |
| v. | * * | |
| Alpha Center; Black Hills Crisis Pregnancy Center, doing business as Care Net; Dr. Glenn A. Ridder; Eleanor D. Larsen, M.S.W.A., | * * * * * | Appeal from the United States District Court for the District of South Dakota. |
| Intervenors - Appellants, | * * | [UNPUBLISHED] |
| Michael Rounds; Larry Long, | * * * | |
| Defendants - Amici Curiae. | * * | |

_____

Submitted: January 11, 2007
Filed: January 25, 2007

_____

Before MURPHY, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

This matter comes before the court on the intervenors' appeal from an order of the district court terminating their status in the underlying case. Appellants moved in the district court on July 28, 2005 to intervene in this case after the issuance of a temporary injunction barring the enforcement of a South Dakota statute which amended the state's informed consent law to require additional procedures and disclosures to women contemplating abortion. The district court granted appellants' motion to intervene on September 23, 2005. Thereafter appellant intervenors fully participated in the discovery and motions practice in the district court, including their individual response to a motion by plaintiffs for summary judgment. They also filed their own appeal from the order of the district court granting the temporary injunction and briefed and argued their positions.

On April 25, 2006 plaintiffs moved to amend their complaint by withdrawing their challenge to the referral provision of the South Dakota statute which requires physicians to notify women contemplating abortion of the name, address, and telephone number of a nearby pregnancy crisis center. Simultaneously plaintiffs moved to terminate appellants' intervention. Plaintiffs argued that with the amendment of the complaint, the intervenors no longer had an interest in the litigation which the state officials could not adequately represent. The district court granted the motion to amend as well as the motion to terminate the intervention. The court decided that since the statutory requirement to inform women about the availability of a pregnancy crisis center would no longer be in the case, the state officials could now adequately represent appellants' interests and concluded that their intervention of right under Fed. R. Civ. P. 24(a) should be terminated. It also held that permissive intervention was inappropriate.

A panel of this court issued an opinion on October 30, 2006, see Planned Parenthood Minn. v. Rounds, 467 F.3d 716 (8th Cir. 2006) (Judge Gruender dissenting), and the appellants as well as the state officials petitioned for rehearing en banc. Both petitions were granted and the panel opinion vacated by the court en banc

on January 9, 2007, and their petitions are both scheduled for hearing before the en banc court on April 11, 2007.

Appellants appeal only the termination of their intervention of right. A district court's decision about mandatory intervention is a question of law which we review de novo. Sierra Club v. Robertson, 960 F.2d 83, 85 (8th Cir. 1992). When no statute confers the right to intervene, mandatory intervention requires that the proposed intervenor show that (1) it has a cognizable interest in the subject matter of the litigation, (2) the interest may be impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation. Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997). Because this appeal concerns the termination of an intervention and not an order granting or denying intervention, it requires us only to review the correctness of the district court's termination decision, not its initial decision to grant intervention.

Appellants are two organizations which provide counseling to women considering an abortion and a doctor and social worker who work at the centers. Alpha Center is located in Sioux Falls and Black Hills Crisis Pregnancy Center in Rapid City. The South Dakota law challenged by appellees requires physicians to speak to women contemplating an abortion about the embryo or fetus they are carrying. Because of these provisions, appellants have potential reputational and financial interests beyond their interest in obtaining referrals which this litigation could impair. Moreover, their interests are even stronger now than when the district court terminated intervention, for appellants' petition for rehearing en banc has been granted and they will be full participants in the April argument before this court. They also participated in discovery and motions practice by filing their own legal submissions and conducting their own depositions and helped develop all the issues in this case, not just the challenge to the referral requirement. The issues appellants raise in their petition for rehearing are different from those which the state officials raise, and the interests which they have at stake in this litigation are not identical to

those which the state seeks to protect.  At this point in the litigation we see merit in appellants' contention that the state officials cannot adequately represent their interests.

For these reasons we reverse the order of the district court terminating appellants' status as intervenors in this case.

_____