# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3298

_____

| | | |
|---|---|---|
| Planned Parenthood of the Heartland; Dr. Jill L. Meadows, | * * * | |
| Plaintiffs – Appellees, | * * | |
| v. | * * | |
| Dave Heineman, Governor of Nebraska, in his official capacity; Jon Bruning, Attorney General of Nebraska, in his official capacity; Kerry Winterer, Chief Executive Officer, Nebraska Department of Health and Human Services in his official capacity; Dr. Joann Schaefer, Director of the Division of Public Health, Nebraska Department of Health and Human Services, in her official capacity; Crystal Higgins, President, Nebraska Board of Nursing, in her official capacity; Brenda Bergman-Evans, President, Nebraska Board of Advanced Practice Registered Nurses, in her official capacity, | * * * * * * * * * * * * * * * * * | Appeal from the United States District Court for the District of Nebraska. |
| Defendants – Appellees, | * * | |
| v. | * * | |
| Eagle Forum Education and Legal Defense Fund; Coalition on Abortion | * * | |

and Breast Cancer; Creighton Students    *
for Life; Students for Life of America,    *
   *
         Movants,    *
   *
Nebraskans United for Life, doing    *
business as NuLife Pregnancy Resource *
Center,    *
   *
        Movant – Appellant.    *

_____

Submitted: October 19, 2011
Filed: December 16, 2011

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

Planned Parenthood of the Heartland and Dr. Jill Meadows (collectively, "Planned Parenthood") brought suit against various state officials in Nebraska challenging new requirements to the State's informed consent procedures for abortions. After the district court[1] granted preliminary injunctive relief against the law, Nebraskans United for Life ("NuLife") moved to intervene for the limited purpose of appealing the preliminary injunction. The court denied the motion, and the next day the parties filed a stipulation from a settlement they reached. The court thereafter issued a final judgment declaring the law unconstitutional and permanently enjoining its enforcement. NuLife again moved to intervene—this time as a

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

-2-

defendant—and moved for reconsideration of the court's final judgment. The court denied both motions, from which NuLife now appeals. We affirm.

I

The underlying case concerns the constitutionality of recent changes to Nebraska's abortion laws. See L.B. 594, 101st Leg. Reg. Sess. (Neb. 2010) ("the Act"). Among other requirements, the Act expanded Nebraska's voluntary and informed consent provisions and established a private cause of action for a woman for the wrongful death of her unborn child. Id. Planned Parenthood brought suit seeking declaratory and injunctive relief against the Act. On July 14, 2010, the district court granted a preliminary injunction, concluding Planned Parenthood was likely to succeed on its claim the Act was unconstitutional because the Act imposed impossible requirements on medical providers, was unduly vague, and required providers to provide untruthful, misleading, and irrelevant information to patients.

One month later, on the last day to file a notice of appeal, NuLife moved to intervene "for the limited purpose of appealing and seeking reconsideration" of the preliminary injunction. NuLife provides services to women, including pregnancy tests, peer counseling, and self-help classes, as well as goods such as clothing, furniture, diapers, and formula. On August 17, 2010, the court denied NuLife's motion to intervene. The next day, the parties filed a stipulation to the entry of judgment, and an order granting final declaratory and injunctive relief. On August 24, 2010, the court issued its final judgment declaring the Act unconstitutional and permanently enjoining the defendants from enforcing the Act.

On September 21, 2010, NuLife again moved to intervene, this time as a defendant, and it filed a motion for reconsideration of the final judgment. The court denied NuLife's motion to intervene, concluding NuLife lacked standing, the motion was untimely under Federal Rule of Civil Procedure 24(a), and the parties would be

prejudiced by permitting intervention under Rule 24(b); the court also denied NuLife's motion for reconsideration of the final judgment as moot. NuLife appeals.

## II

Rule 24 provides for intervention as a matter of right and on a permissive basis. In either circumstance, NuLife's motion to intervene must be timely. Am. Civil Liberties Union, 643 F.3d at 1093. We review a district court's timeliness determination for abuse of discretion, directing courts to consider:

> (1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties.

Id. at 1094.

"The issue of the timeliness of a motion to intervene is a threshold issue." United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 832 (8th Cir. 2010). "The general rule is that motions for intervention made after entry of final judgment will be granted only upon a strong showing of entitlement and of justification for failure to request intervention sooner." United States v. Associated Milk Producers, Inc., 534 F.2d 113, 116 (8th Cir. 1976). This case is slightly different from the general rule, however, because NuLife moved to intervene twice—once after the preliminary injunction was entered, and once after final judgment was entered. Nonetheless, in similar circumstances we have affirmed the untimeliness of a motion to intervene. See Ritchie, 620 F.3d at 833 ("When a party had knowledge of all the facts—as [the movant] did—and failed to raise the issue when first presented with an opportunity to do so, subsequent intervention is untimely.").

The record demonstrates the district court considered the proper factors, including the fact the litigation was terminated procedurally, NuLife failed to justify its delay in light of its prior knowledge of the case, and the parties would be prejudiced because final judgment on their settlement had already been entered. See Am. Civil Liberties Union, 643 F.3d at 1094 (noting the district court considered the movants' knowledge of the suit from its inception, their failure to offer an adequate explanation for the delay, and the prejudice to the parties); Minn. Milk Producers Ass'n v. Glickman, 153 F.3d 632, 646 (8th Cir. 1998) ("[The district court] noted that the movants had not sought to intervene until the latest opportunity, and that their delayed entry would prejudice the [plaintiffs], who would be forced to respond to the movants' arguments."). Given these findings, the district court did not abuse its discretion by denying NuLife's motion as untimely.[2] Indeed, "[w]e have denied motions to intervene in cases with far less docket activity." Ritchie, 620 F.3d at 832.

### III

We affirm the district court's denial of NuLife's motion to intervene as untimely. Given this holding, we need not reach the alternative bases relied upon by the district court to deny NuLife's motion to intervene.[3]

_____

[2]NuLife relies on Planned Parenthood Minn., N.D., S.D. v. Alpha Center, 213 F. App'x 508, 509 (8th Cir. 2007) (unpublished) (per curiam), which involved an intervenors' appeal from a district court's decision to terminate its status in the case. Even without regard to the procedural differences, Alpha Center is of little import because it contained no discussion of timeliness—the dispositive issue in this case.

[3]Because we conclude the district court properly denied NuLife's motion to intervene, we also do not reach NuLife's arguments concerning the district court's jurisdiction. See Bauer v. Transitional Sch. Dist. of City of St. Louis, 255 F.3d 478, 480 (8th Cir. 2001) ("Because we conclude that we lack appellate jurisdiction, we do not reach the underlying federal subject matter jurisdiction questions.").