# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2535

_____

Tolanda Osby, individually, and on behalf of a class of others similarly situated;
Reta Massing; Nicole Martin; Catenya Peak; Kimberly Fuhr; Carol Lindsey; Alice
Ruble; Andrea Hensley; Arthur Johnson; Brenda Johnson; Angela Turner; Carol
Cox; Karen Beltz; Lola Kunkle; Antjuan Shaw; James Eric Weatherwax; Lisa
Butler; Melvin Marshall, Jr.; Lolita Louis; Joan Jodie Euritt,

*Plaintiffs - Appellees*,

v.

Daniel Barela; Erica Begay,

*Intervenor plaintiffs - Appellants.*

Citigroup, Inc.; Citibank, N.A.; Citicorp Credit Services, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: March 25, 2013
Filed: April 1, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Daniel Barela and Erica Begay appeal the district court's[1] denial, as untimely, of their motion to intervene in a collective action under the Fair Labor Standards Act (Osby case). Having conducted careful review, we cannot say that the district court abused its discretion in concluding that the motion to intervene was untimely. See Planned Parenthood of the Heartland v. Heineman, 664 F.3d 716, 718 (8th Cir 2011) (standard of review); Am. Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad., 643 F.3d 1088, 1094 (8th Cir. 2011) (factors). Given the district court's denial of the motion to intervene, the court properly denied appellants' related requests to unseal the settlement agreement and to stay the filing of notices, and the court also properly denied as moot appellants' request for preliminary injunctive relief. Because we affirm the denial of intervention, we do not reach appellants' challenges to the merits of the district court's other rulings in the Osby case, including the court's authority to recertify the class after initial settlement was reached. See Planned Parenthood, 664 F.3d at 719 n.3 (where district court properly denied motion to intervene, appeals court would not reach prospective intervenor's arguments concerning court's jurisdiction); Little Rock Sch. Dist. v. North Little Rock Sch. Dist., 378 F.3d 774, 779, 781 (8th Cir. 2004) (where motion to intervene was properly denied, appeals court lacked jurisdiction to consider merits of judgment in case where intervention was denied; "only a party to a lawsuit may appeal from an adverse judgment"). We also do not reach the newly raised argument in the reply brief. Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

-2-