2015 ND 118

Glen R. WHITE and Loretta White,
Plaintiff and Appellee

v.

T.P. MOTEL, L.L.C., Defendant

and

Susan White, Intervenor and Appellant

No. 20140203.

Supreme Court of North Dakota.

May 27, 2015.

Thomas D. Kelsch, Mandan, ND, for plaintiff and appellee.

Rodney E. Pagel, Bismarck, N.D., for intervenor and appellant.

KAPSNER, Justice.

[¶ 1]   Susan White appeals from a judgment on the pleadings in favor of Glen and Loretta White in an action by Glen and Loretta White against T.P. Motel, L.L.C. ("T.P. Motel"), and from an order denying her motion to intervene.   We conclude the district court erred in granting judgment on the pleadings and in denying the motion to intervene, and we reverse and remand for further proceedings.

I

[¶ 2]   Susan White is married to Ross White, whose parents are Glen and Loretta White.   Susan and Ross White are the co-owners and members of T.P. Motel.   In February 2012, T.P. Motel entered into a contract for deed to purchase real property and a motel in Mandan from Glen and Loretta White.   The contract for deed required T.P. Motel to make monthly payments of $2,500 to Glen and Loretta White

beginning on March 15, 2012. T.P. Motel did not make payments in March, April, and May of 2012, but began making the monthly payments in June 2012.

[¶ 3] Susan and Ross White separated in January 2013, and Susan White moved to California and initiated a divorce action against Ross White in California. T.P. Motel failed to make monthly payments on the contract for deed in January and February 2013, but began making payments again in March 2013. In February 2013, Glen and Loretta White served notice of default on the contract for deed on T.P. Motel and on Susan White individually. When T.P. Motel failed to cure the default within 30 days as allowed by the contract for deed, Glen and Loretta White sued T.P. Motel to cancel the contract for deed in July 2013.

[¶ 4] T.P. Motel filed two answers to the complaint. On August 16, 2013, Susan White, individually and on behalf of T.P. Motel, answered the complaint, denying the allegations and requesting dismissal of the action. On August 19, 2013, Ross White, on behalf of T.P. Motel, answered the complaint, admitting the default and requesting cancellation of the contract for deed.

[¶ 5] In her answer, Susan White included a counterclaim against Glen and Loretta White and a crossclaim against Ross White, alleging fraud, collusion, malicious intent, and breach of fiduciary obligations. The counterclaim alleged Ross, Glen, and Loretta White acted in concert to operate the motel and prevented Susan White from entering and operating the motel. Susan White alleged Ross, Glen, and Loretta White perpetrated a fraud on her by acting in concert to manipulate T.P. Motel's financial information, by accepting and not reporting cash rentals of property, and by paying non-business bills and expenses out of T.P. Motel's accounts.

[¶ 6] Susan White's crossclaim against Ross White alleged he was the primary person in charge of the day-to-day operations of T.P. Motel, and he owed Susan White a fiduciary duty to act diligently in engaging in the operation of T.P. Motel. The crossclaim alleged Ross White breached his fiduciary obligations to her regarding the operation of T.P. Motel by not accounting for income, commingling funds, paying unreasonable expenses, and self-dealing. T.P. Motel, by and through Ross White, moved to dismiss the crossclaim against Ross White, alleging he was not a party to the lawsuit. Susan White, individually and as part owner of T.P. Motel, subsequently filed a motion to join Ross White as a party to the action.

[¶ 7] On December 9, 2013, a hearing was held on T.P. Motel's motion to dismiss Susan White's crossclaim against Ross White, and her motion to join Ross White as a party to the action. The district court did not rule on the motions. Both parties acknowledge the district court indicated it did not believe Susan White was a proper party to the action and she must make a motion to intervene if she wanted to be made a party to the action.

[¶ 8] On December 11, 2013, Susan White moved to intervene in the action, seeking to protect her interests as an owner and member of T.P. Motel. She argued as a fifty-percent owner of T.P. Motel, she had an equal right to answer the complaint on behalf of T.P. Motel. She argued Ross White was not acting in the best interest of T.P. Motel by admitting the default and requesting cancellation of the contract for deed. In support of her motion, Susan White included portions of T.P. Motel's Operating Agreement. Section 7.01 of the agreement appoints Ross White and Susan White as manager of T.P. Motel. Section 6.08 lists the specific powers of the manager on behalf of the company, including

defending a lawsuit against the company under Section 6.08(t). The manager's authority to act on behalf of the company is limited under Section 6.06 of the agreement, which requires consent of 85 percent of all membership interests to confess a judgment against the company.

[¶ 9] T.P. Motel, through manager Ross White, and Glen and Loretta White opposed Susan White's motion to intervene. T.P. Motel, through manager Ross White, argued Ross White was the current manager of T.P. Motel and was adequately representing T.P. Motel in the lawsuit. In support of its objection to the motion to intervene, T.P. Motel submitted copies of court orders entered in the California divorce action between Susan White and Ross White. The orders, dated July 26 and July 29, 2013, denied Susan White's request in the divorce action to take over management of T.P. Motel. The July 26, 2013, order required Ross White to provide to Susan White "an accounting of every dollar taken in since the date of separation, on a monthly basis, and show, with copies of receipts and checks, and provide said accounting, under penalty of perjury, within 30 days." The July 26 order required "[a]ll accounts of the business will require the signature of both parties, prior to any disbursement." The July 29, 2013, order modified the earlier order with regard to T.P. Motel's disbursements or withdrawals, permitting only Ross White's signature for "payments for certain business and other expenses, and payment of salary," but the parties would communicate prior to proposed payments, and Susan White would have an opportunity to object to any proposed payments.

[¶ 10] In February 2014, the district court denied Susan White's motion to intervene. The court stated the California court has jurisdiction over T.P. Motel, which is a marital asset in the divorce action. The district court stated it was bound under the United States Constitution's Full Faith and Credit Clause to abide by the California court's orders regarding management and operation of T.P. Motel. The district court concluded Susan White could not intervene in the action under N.D.R.Civ.P. 24(b)(3), because intervention would prejudice Ross White's right to manage T.P. Motel.

[¶ 11] In March 2014, Glen and Loretta White moved for judgment on the pleadings, arguing that since T.P. Motel was not resisting the breach of contract action, the pleadings established no issues of material fact. T.P. Motel, through Ross White, did not respond to the motion, but appeared at the hearing and stated it did not object to the motion.

[¶ 12] Susan White, as an interested party and equal owner and member of T.P. Motel, opposed the motion for judgment on the pleadings. She alleged she had raised issues of fact regarding fraud, collusion, and conspiracy between Glen and Loretta White and Ross White, as manager of T.P. Motel, to preclude a judgment on the pleadings. In her response, Susan White submitted an affidavit explaining the reason for the missed payments at the beginning of the contract's term, stating there was a verbal agreement among the parties that the first payments could be delayed until June 2012 or later. Susan White stated the first payment was made in June 2012 and the remaining payments for 2012 were made. Susan White stated she left Ross White in January 2013 and later discovered the payments were not made in January 2013 and February 2013. Susan White's affidavit also stated Loretta White had signing privileges on T.P. Motel's checking account to ensure Loretta White and Glen White would be paid each month under the contract for deed. Susan White stated Ross White or Loretta White

intentionally did not make the January 2013 and February 2013 payments even though there were sufficient funds in the checking account. Susan White submitted T.P. Motel's February 28, 2013, bank statement showing a checking account balance of $3,745.67 as of January 31, 2013, and a balance of $12,972.01 as of February 28, 2013, and copies of T.P. Motel checks signed by Loretta White.

[¶ 13]   In April 2014, the district court granted judgment on the pleadings in favor of Glen and Loretta White. In granting the judgment, the district court stated Susan White's response was not properly before the court as a result of the denial of her motion to intervene. The court held the pleadings showed Glen and Loretta White and T.P. Motel agreed to all the material facts, including execution of the contract for deed, T.P. Motel's failure to make payments under the contract, the service of a notice of default on T.P. Motel, and T.P. Motel's failure to cure the default. The court concluded the pleadings established no genuine issues of any material fact, and a judgment was entered cancelling the contract for deed and giving T.P. Motel a 30–day redemption period to pay the full amount due on the contract for deed. T.P. Motel failed to redeem within the 30–day redemption period.

## II

■ [¶ 14]   Susan White argues the district court erred in granting Glen and Loretta White's motion for judgment on the pleadings. She argues she raised issues of fact showing the judgment on the pleadings was not warranted.

■ [¶ 15]   Rule 12(c), N.D.R.Civ.P., authorizes a party to move for judgment on the pleadings. Rule 12(d), N.D.R.Civ. P., discusses the effect of matters presented outside the pleadings, and states:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

A district court's decision granting judgment on the pleadings under N.D.R.Civ.P. 12(c) is reviewed de novo. *Kouba v. State*, 2004 ND 186, ¶ 4, 687 N.W.2d 466.

[¶ 16]   In granting judgment on the pleadings, the district court referenced the denial of Susan White's motion to intervene in disregarding her response to the motion for judgment on the pleadings. Susan White's motion to intervene and supporting documents, along with the responses and supporting documents submitted by T.P. Motel and Glen and Loretta White, are matters outside the pleadings. In denying Susan White's motion to intervene, the district court stated it was bound to follow the California court order granting management of T.P. Motel to Ross White. In following the California order, the district court effectively struck T.P. Motel's answer submitted by Susan White and found Ross White had the authority to answer the complaint on behalf of T.P. Motel. Issues about the authority to answer on behalf of T.P. Motel were in dispute. The district court, in following the California court's order regarding management of T.P. Motel, resolved that dispute in favor of Ross White. In doing so, the district court went outside the pleadings to grant judgment on the pleadings. We conclude the district court erred in treating Glen and Loretta White's motion as a motion for judgment on the pleadings.

[¶ 17]   Because the district court went outside the pleadings, the motion for judgment on the pleadings must be treated as a motion for summary judgment under

N.D.R.Civ.P. 56. Under N.D.R.Civ.P. 56(c), the motion and supporting papers must be served at least 34 days before the day set for the hearing, and a party opposing a summary judgment motion must be given 30 days to file an answer brief and supporting papers. Here, the motion for judgment on the pleadings was served on March 26, 2014, the hearing was on April 14, 2014, and the judgment was entered on April 15, 2014. The district court granted judgment on the pleadings 20 days after the motion was served. We conclude the district court erred in not complying with the requirements of N.D.R.Civ.P. 56 in deciding the motion for judgment on the pleadings. We therefore reverse the judgment on the pleadings and remand for further proceedings.

### III

[¶ 18] Susan White argues the district court erred in denying her motion to intervene in the action. She argues that as a member and manager of T.P. Motel, she has an interest relating to the subject matter of the action, and has a right to intervene under N.D.R.Civ.P. 24 on behalf of T.P. Motel to protect the business and her interest in the business.

[¶ 19] Rule 24, N.D.R.Civ.P., allows for intervention as a matter of right and for permissive intervention. *Skogen v. Hemen Twp. Bd. of Twp. Supervisors*, 2010 ND 92, ¶ 7, 782 N.W.2d 638. Susan White's motion to intervene sought intervention as a matter of right under N.D.R.Civ.P. 24(a)(2), and in the alternative, permissive intervention under N.D.R.Civ.P. 24(b)(1)(B). Rule 24, N.D.R.Civ.P., states in relevant part:

(a) *Intervention of Right.* On timely motion, the court must permit anyone to intervene who:

. . . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) *Permissive Intervention.*

(1) In General. On timely motion, the court may permit anyone to intervene who:

. . . .

(B) has a claim or defense that shares with the main action a common question of law or fact.

. . . .

(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

[¶ 20] Rule 24, N.D.R.Civ.P. is derived from and substantially similar to Fed.R.Civ.P. 24. *See* N.D.R.Civ.P. 24, Explanatory Note; *Fisher v. Fisher*, 546 N.W.2d 354, 355 (N.D.1996). When a state rule is derived from a corresponding federal rule, the federal courts' interpretation of the federal rule may be persuasive authority when interpreting our rule. *Id. See also State v. Evans*, 2013 ND 195, ¶ 17, 838 N.W.2d 605.

[¶ 21] Under Fed.R.Civ.P. 24(a)(2), upon a timely motion, a person is entitled to intervene as of right if: (1) the person has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately represented by an existing party to the litigation. *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir.1997); *Kansas Pub. Emp. Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 60 F.3d 1304, 1307 (8th Cir.

1995). The proposed intervenor must satisfy all three prongs of the test. *Chiglo*, at 187.

[¶ 22] We construe N.D.R.Civ.P. 24 liberally, and intervention has historically been liberally granted in North Dakota. *Eichhorn v. Waldo Twp. Bd. of Supervisors*, 2006 ND 214, ¶ 13, 723 N.W.2d 112 (citing *Braatelien v. Burns*, 74 N.D. 29, 32, 19 N.W.2d 827, 828 (1945)); *Skogen*, 2010 ND 92, ¶ 7, 782 N.W.2d 638. Rule 24, Fed.R.Civ.P. is also liberally construed, and any doubts are resolved in favor of a proposed intervenor. *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 831 (8th Cir.2010); *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir.1992) (resolving doubts in favor of allowing intervention "serves the judicial system's interest in resolving all related controversies in a single action"). All nonconclusory allegations by a proposed intervenor in support of a motion to intervene are taken as true, absent sham, frivolity, or other objections. *Stadin v. Union Elec. Co.*, 309 F.2d 912, 917 (8th Cir.1962).

[¶ 23] The ultimate question of whether a party may intervene of right under N.D.R.Civ.P. 24(a) is a question of law that is fully reviewable on appeal. *Fisher*, 546 N.W.2d at 355; *Skogen*, 2010 ND 92, ¶ 7, 782 N.W.2d 638. In considering a party's motion to intervene under N.D.R.Civ.P. 24(a), we review any findings of fact made by the district court under the clearly erroneous standard of review in N.D.R.Civ.P. 52(a). *Skogen*, at ¶ 7. A district court's decision on permissive intervention will not be reversed on appeal absent a clear abuse of discretion. *Fisher*, at 356 (citing *Kiamichi R.R. Co., Inc. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir.1993)).

[¶ 24] The district court, in denying Susan White's motion to intervene, did not provide any analysis or make any specific findings of fact in deciding whether she was entitled to intervene as a matter of right under N.D.R.Civ.P. 24(a)(2). The court stated it was bound under the United States Constitution's Full Faith and Credit Clause to abide by the California court's order granting Ross White the right to manage T.P. Motel. The district court briefly discussed permissive intervention, stating "[e]ven if this court considered Permissive Intervention, subsection 3 of that statute requires that the court consider delay and prejudice that would result from the intervention.... To allow Susan to intervene would prejudice Ross's right [to manage T.P. Motel]." The district court stated "California has the [c]apacity to address the issues of intervention."

[¶ 25] Susan White sought to intervene as an owner of a fifty percent membership interest in T.P. Motel to protect her interest in the company. In order to intervene as a matter of right under N.D.R.Civ.P. 24(a)(2), Susan White must show: (1) she has an interest relating to the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by an existing party to the litigation. *See Chiglo*, 104 F.3d 185, 187 (8th Cir.1997). The district court did not address whether Susan White was entitled to intervene as a matter of right. The court denied Susan White's motion to intervene stating the California court ruled Ross White had a right to manage T.P. Motel, and intervention would prejudice his right to manage the company. By following the California court's order, the district court may have implicitly found Ross White was adequately representing T.P. Motel's interests in the lawsuit, but no specific finding was made to that effect. The California court order ruled only that Ross White was entitled to manage T.P. Motel subject to explicit conditions; its ruling did not

affect Susan White's membership interest in the company or her rights as a member. We conclude the district court erred in failing to address whether Susan White was entitled to intervene as a matter of right.

[¶ 26] The subject matter of this lawsuit is the cancellation of a contract for deed for the purchase of real property between T.P. Motel and Glen and Loretta White on the basis of an alleged default. Susan White, as a 50 percent owner and member of T.P. Motel, has an ownership interest in the company that is a party to the contract for deed. Susan White's membership interest in T.P. Motel is personal property. N.D.C.C. § 10–32–28. While Susan White does not have an ownership interest in the real property that is subject to the contract for deed, N.D.R.Civ.P. 24(a)(2) requires only. an interest relating to the subject matter of the litigation. Susan White has an ownership interest in the entity that is allegedly in default under the contract for deed. Considering that "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process," along with the liberal construction of Rule 24, we conclude Susan White has an interest in the subject matter of the lawsuit between Glen and Loretta White and T.P. Motel. *S.E.C. v. Flight Transp. Corp.*, 699 F.2d 943, 949 (8th Cir.1983) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967)).

[¶ 27] Having concluded Susan White has an interest in the subject matter of the litigation, we consider whether her interest may be impaired as a result of the litigation. Professors Wright, Miller and Kane state "[Fed.R.Civ.P. 24] is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest." 7C

Charles A. Wright, et al., *Federal Practice and Procedure: Civil 3d* § 1908.2, at 369 (2007). In their pleadings, both T.P. Motel, through Ross White, and Glen and Loretta White sought cancellation of the contract for deed. If the contract is canceled and the real property returned to Glen and Loretta White, Susan White's value of her membership interest in T.P. Motel may be impaired. We conclude Susan White's interest in the lawsuit may be impaired as a result of the litigation.

[¶ 28] Finally, to be entitled to intervene as a matter of right, Susan White must show her interest in T.P. Motel is not adequately protected by Ross White, as manager of T.P. Motel. Generally, a movant seeking intervention carries a minimal burden of showing their interest is not adequately represented by the existing parties. *United States v. Union Elec. Co.*, 64 F.3d 1152, 1168 (8th Cir.1995). Although the burden to show inadequate representation is generally minimal, the proposed intervenor bears a heavier burden when a party already in the suit has an obligation to represent the interest of the proposed intervenor. *Id.* This heavier burden may be overcome by demonstrating adversity of interest, collusion, or nonfeasance between the represented party and the opposing party. *See Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir.1976); *Haspel & Davis Milling & Planting Co., Ltd. v. Board of Levee Comm'rs*, 493 F.3d 570, 578–79 (5th Cir.2007); 7C Wright, *supra*, § 1909, at 427–29 ("representation may be inadequate, and intervention will be allowed, if there is even a hint of collusion between the purported representative and those to whom the representative is formally opposed in the litigation, or if for any other reason it appears that the representative is not making or may not make a

diligent effort to protect the absentee's interest").

[¶ 29] Here, the district court purported to follow the California court's order granting Ross White management of T.P. Motel. As a result, Ross White was obligated to adequately represent T.P. Motel in the action against Glen and Loretta White. T.P. Motel's answer, filed by Ross White, admitted the default in the contract for deed and requested the contract be canceled and the real property be returned to his parents Glen and Loretta White. Additionally, Ross White did not oppose Glen and Loretta White's motion for judgment on the pleadings. Ross White, as manager of T.P. Motel, effectively confessed a judgment in the action by Glen and Loretta White.

[¶ 30] In support of her motion to intervene, Susan White submitted a portion of T.P. Motel's Operating Agreement stating that consent of 85 percent of all membership interests is required to confess a judgment against the company. In her answer and counterclaim against Glen and Loretta White, Susan White alleged fraud, malicious intent, and collusion between Ross White, on behalf of T.P. Motel, and Glen and Loretta White to intentionally breach the contract for deed. In opposition to the motion for judgment on the pleadings, Susan White averred Loretta White had signing privileges on T.P. Motel's checking account so Loretta White and Glen White would be paid each month under the contract for deed. Susan White included copies of T.P. Motel checks signed by Loretta White. Susan White also included copies of T.P. Motel's bank statements showing T.P. Motel had sufficient funds to make payments on the contract for deed in January 2013 and February 2013, which are the months Susan White claimed the intentional default on the contract allegedly occurred. Taking Susan White's allegations and exhibits as true, we conclude Susan White has demonstrated her interest in the action was not adequately represented by Ross White, on behalf of T.P. Motel. We further conclude Susan White was entitled to intervene as a matter of right under N.D.R.Civ.P. 24(a)(2). We hold the district court erred in denying Susan White's motion to intervene in the action. We therefore reverse the district court's order denying Susan White's motion to intervene and remand for further proceedings after allowing her to intervene in the action.

[¶ 31] Our holding in this case does not attempt to interfere or supersede the California orders in the divorce action between Ross and Susan White. Any personal claims between Ross and Susan White regarding marital assets belong in the California divorce action. On remand, the district court must allow Susan White to intervene to pursue the allegations in her counterclaim against Glen and Loretta White, and other allegations not related to the divorce action in California. The district court must also consider any further orders or judgments issued in the California divorce action after Susan White filed this appeal.

IV

[¶ 32] Susan White argues the district court erred in not ruling on her motion to join Ross White as a party to the action. Because we reverse the district court's decisions regarding intervention and judgment on the pleadings, it is not necessary to consider whether the court's failure to rule on that motion constitutes a denial of the motion. Our reversal of the district court's other decisions leaves the court free to act upon that motion.

V

[¶ 33] The district court's judgment on the pleadings and order denying the mo-

tion to intervene is reversed and remanded for further proceedings consistent with this opinion.

[¶ 34] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, J., concur.

CROTHERS, Justice, dissenting.

[¶ 35] I respectfully dissent. I would affirm because the district court did not err as a matter of law in refusing to permit Susan White to intervene in the foreclosure action against the limited liability company. As a result, the district court also did not err disregarding Susan White's filings when ruling on the plaintiff's dispositive motion.

## I

[¶ 36] The majority holds, "[T]he district court erred in failing to address whether Susan White was entitled to intervene as a matter of right." Majority opinion at ¶ 25. That is true as far as the statement goes; however, it does not explain why the district court denied intervention.

[¶ 37] The district court's order denying the motion to intervene included the following history:

"The members of T.P. Motel are Ross White and Susan White. Ross and Susan were married at the time the contract was created and are now in the midst of a divorce action in the Superior Court of California for Orange County.

. . . .

"On July 16, 2013, White [the contract for deed vendor and Ross White's parents] filed a complaint with this court against T.P. Motel, seeking a judgment for the amount due White under the terms and conditions of the Contract. White also requested that the Contract be cancelled and possession of the property (T.P. Motel) be given to White free and clear of all claims of T.P. Motel. "In June 2013, Susan [W]hite petitioned the Superior Court of California for the County of Orange, seeking to take over management of T.P. Motel. On July 26, 2013, the California court denied Susan's request. When again it convened on July 29, 2013, the court finalized its earlier decision to prohibit Susan from taking over management.

"On August 19, 2013, T.P. Motel, by its member and operating manager, Ross White, answered Plaintiff's Complaint. On August 16, 2013, Susan White, attempting to act on behalf of T.P. Motel, answered Plaintiffs' [sic] complaint, counterclaimed against Glen and Loretta White, and crossclaimed against Ross White. The answer/Counterclaim/Crossclaim was not filed with this court until September 26, 2013. On September 16, 2013, T.P. Motel, through Ross White, made a motion to dismiss Susan White's crossclaim against him. On October 10, 2013, Glen and Loretta White responded to Susan White's counterclaim against them."

[¶ 38] The district court concluded:

"Ross White filed copies of the California judgments along with his affidavit in response to Susan's Motion to Intervene. Those judgments specifically deny Susan's request to take over management of the business. Even if this court considered Permissive Intervention, subsection 3 of that statute requires that the court consider delay and prejudice that would result from the intervention: 'In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.' N.D.R.Civ.P. 24.

"Ross was given the right to manage the LLC by the California judgment entered

in September 2013 and filed with this court on December 30, 2013. To allow Susan to intervene would prejudice Ross's right.

"In order to satisfy the Full Faith and Credit clause and the Intervention statute, this court denies Susan White's Motion to Intervene.

"Because it has jurisdiction over issues relating to T.P. Motel's membership and management by virtue of the divorce action initiated there, California has the [c]apacity to address the issues of intervention."

[¶ 39] These findings and conclusions of law show that the district court did not ignore the intervention question. Rather, Susan White initiated a divorce in California. The North Dakota district court that was presiding over the foreclosure action recognized the California divorce court was exercising jurisdiction over "issues relating to T.P. Motel's membership and management" and gave those holdings what it called "full faith and credit." If we look behind the face of the district court's order and inspect the underlying California orders on which the district court relied, it appears they were not as sweeping as the district court suggested. One divorce court order denied Susan White's request to take over management of the LLC, but required all business income be deposited into an account and reported to Susan White. Another granted Ross White authority to make normal business payments after disclosure to Susan White. From these holdings the district court reasonably could have concluded Ross White was granted management authority over the LLC. But even if they did not, the fact remains that this is a third party's foreclosure action that Susan White is trying to transform into a vehicle to obtain control over a North Dakota limited liability company. Such a dispute should not be part of this proceeding and, on this basis, I would affirm the district court's order denying Susan White's motion to intervene.

II

[¶ 40] I also would affirm when this case is examined as a question of intervention under N.D.R.Civ.P. 24(a)(2).

[¶ 41] On appeal of an order regarding intervention of right, we review findings of fact made by the district court under the clearly erroneous standard of review, but the ultimate question whether a party has a right to intervene is a fully reviewable question of law. *Fisher v. Fisher*, 546 N.W.2d 354, 355 (N.D.1996). No party argues that factual issues remain or that remand for fact-finding is necessary. Therefore, our inquiry is whether the moving party satisfied the legal requirements of Rule 24(a)(2).

[¶ 42] The majority and I agree on the law applicable to a motion to intervene as a matter of right. They paraphrase the requirements as follows:

"In order to intervene as a matter of right under N.D.R.Civ.P. 24(a)(2), Susan White must show: (1) she has an interest relating to the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by an existing party to the litigation."

Majority opinion at ¶ 25. To advance the discussion, I will presume that prong three is satisfied in favor of intervention and that the existing party to the litigation, the LLC, will not adequately protect the LLC's interest. However, that is only one of three required prerequisites to intervention. *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir.1997) ("The intervenor must satisfy all three parts of the test" under Rule 24(a)(2).). The other two prongs are not satisfied because Susan

White does not have an interest relating to the litigation subject matter and because she has no qualifying interest impaired by the litigation.

### A

[¶ 43] To satisfy prong one, Susan White had the burden of establishing she owned an interest relating to the subject matter of the litigation. N.D.R.Civ.P. 24(a)(2). The extent of an interest the movant must own is not articulated in Rule 24. The North Dakota rule is adopted from the parallel federal rule so that federal court interpretations are highly persuasive. *Fisher*, 546 N.W.2d at 355. In *Fisher*, this Court considered federal precedent and held:

> "In *United States v. Union Elec. Co.,* 64 F.3d 1152, 1161 (8th Cir.1995), the court explained the interest required to support intervention of right under Rule 24(a), F.R.Civ.P.:
>
> > 'The applicant for intervention must have an interest in the subject matter of the litigation, i.e., an interest that is "direct," as opposed to tangential or collateral. Furthermore, that interest must be "recognized," i.e., both "substantial" and "legally protectable." '
>
> "A 'direct' interest is one that is not 'remote' or 'contingent.' A 'legally protectable' interest is one that 'the *substantive* law recognizes as belonging to or being owned by the applicant.' A party who qualifies as a 'real party in interest' under Rule 17(a), F.R.Civ.P., is a party with a 'legally protectable' interest."

*Fisher*, at 356 (internal citations omitted).

[¶ 44] Here, the majority acknowledges the salient facts:

> "The subject matter of this lawsuit is the cancellation of a contract for deed for the purchase of real property between T.P. Motel and Glen and Loretta White on the basis of an alleged default. Susan White, as a 50 percent owner and member of T.P. Motel, has an ownership interest in the company that is a party to the contract for deed. Susan White's membership interest in T.P. Motel is personal property. N.D.C.C. § 10–32–28."

Majority opinion at ¶ 26. The majority further recognized, "Susan White does not have an ownership interest in the real property that is subject to the contract for deed." *Id.* Rather, "Susan White has an ownership interest in the entity that is allegedly in default under the contract for deed." *Id.*

[¶ 45] The clear requirement in *Fisher* is that the interest supporting intervention be "direct" and "recognized," i.e., both "substantial" and "legally protectable" "as belonging to or being owned by the applicant." 546 N.W.2d at 356. Susan White's 50 percent personal property interest in the limited liability company that owns the T.P. Motel does not qualify in any respect. Her property ownership is not legally sufficient because it is not direct. Rather, she owns part of the company that holds equitable title to the property being foreclosed. *See Johnson v. Finkle*, 2013 ND 149, ¶ 17, 837 N.W.2d 132 (Under a "contract for deed," "[t]he purchaser holds equitable title and generally has the right to the use and possession of the property.").

[¶ 46] Susan White also fails the interest test because her property ownership in the LLC is not legally protectable as part of the lawsuit in which she seeks intervention. The lawsuit is to foreclose a contract-for-deed vendee's equitable interest in real estate. Susan White owns part of the company that owns that vendee's interest. She owns no part of the real estate, and by intervention she could not gain ownership of that real estate. N.D.C.C. § 10–32–28(1) ("A member has no interest

in specific limited liability company property."). Her intervention therefore was properly denied. *See Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir.1982) (intervention properly denied where intervenor claims only indirect half interest in joint venture profits).

[¶ 47] One also must note the similarity of words in North Dakota Rule 24(a)(2) regulating intervention and in Civil Rule 19 for required joinder of a party. Rule 24(a)(2), N.D.R.Civ.P., requires intervention for an applicant who "claims an interest relating to the property or transaction that is the subject of the action." Rule 19(a)(1)(B), N.D.R.Civ.P., requires joinder to a lawsuit of a party who "claims an interest relating to the subject of the action." We are required to harmonize rules and read similar provisions similarly. *See Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 9, 855 N.W.2d 608 ("When interpreting court rules, we apply principles of statutory construction to ascertain intent. First, we determine intent by looking to the language of the rule and giving words their plain, ordinary, and commonly understood meaning. Additionally, we construe rules 'to harmonize related provisions to give meaning to each provision if possible.'") (internal citations omitted).

[¶ 48] Few, if any, courts would have difficulty concluding under N.D.R.Civ.P. 19 that a LLC member is not a required or "indispensable" party to an action to foreclose the LLC's interest in a contract for deed. Indeed, such a conclusion would run counter to the "limited liability" function and purpose of the LLC. *See* N.D.C.C. § 10–32–29 (generally no personal liability of LLC members). Yet, under a different rule using nearly the same words, the majority concludes the LLC owner has a legal right to intervene in a lawsuit solely related to foreclosure of the LLC's contract for deed. In my view, the disparate treatment of the same words in neighboring rules of civil procedure does not enjoy the support of logic or the rules of construction and interpretation.

### B

[¶ 49] To satisfy prong two of Rule 24, Susan White must establish that her interest in the property subject to litigation in which she seeks intervention "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." N.D.R.Civ.P. 24(a)(2). The majority concludes this prong is satisfied because "Susan White's value of her membership interest in T.P. Motel may be impaired." Majority opinion at ¶ 27. I respectfully submit the majority's answer is too simple.

[¶ 50] The underlying litigation is to foreclose the LLC's real property interest. The question is whether the LLC is in default under its contract for deed. The only reason for Susan White to intervene is for a collateral reason—to attempt to manage the LLC differently than Ross White so as to attempt to preserve the LLC's principal asset by curing the default. Although intervention might permit Susan White to alter the result in the foreclosure action, I believe that means-justifies-the-end line of thought ignores both the rulings in place and the reason behind the intervention of right rule.

[¶ 51] First, allowing intervention in this case will stand for the proposition that feuding entity owners can move their dispute into the middle of a third party's lawsuit. At best, such an untoward result is only tangentially related to allowing the movant to protect their legitimate property interests.

[¶ 52] Second, as a matter of precedent, allowing intervention as a matter of law in this case poses a serious threat to

orderly governance of legal entities with disagreement among fractional owners. Non-governing owners have statutory and common law rights by which they can protect their interests. *See Fisher,* 546 N.W.2d at 358. In the corporate setting, those rights include protection of dissenter's rights, dissolution of the entity and even a separate action for breach of fiduciary duty. *Id.* Most, if not all, of these rights have been extended to fractional owners of other legal entities. *See, e.g., Red River Wings, Inc. v. Hoot, Inc.,* 2008 ND 117, ¶ 26, 751 N.W.2d 206 (fiduciary duty exists between limited and general partners); N.D.C.C. § 10–32–29(3) (limited liability company subject to veil piercing same as corporation). The ability to vindicate those rights through separate proceedings support a conclusion Susan White did not carry her burden of showing that her interest in the foreclosure litigation is impaired or impeded without intervention.

[¶ 53] A noted treatise explains:

"[C]ourts have found that neither practically nor legally would the movant's interest be impaired or impeded by a disposition of the action and they have accordingly denied intervention of right for failure to satisfy this requirement. This has occurred, for example, when the court finds that the would-be intervenor could protect his interest in a separate action; the practical disadvantage of filing a separate suit and perhaps duplicating some of the efforts in the ongoing action are not sufficient to meet the criteria of the rule."

7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1908.2 (2007) (footnotes omitted). *See also Shea v. Angulo,* 19 F.3d 343, 347 (7th Cir.1994) (alleged partner could bring individual action and would not suffer impairment to claim for partnership proceeds if denied opportunity to intervene in partnership's suit for breach of security trading agreement); *Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.,* 110 F.R.D. 180, 183 (N.D.Tex.1986) (intervention as of right denied where shareholder's claimed injury was derivative of corporation's injury). Here, Susan White can recoup any alleged loss of value in the LLC by a separate action against Ross White for breach of fiduciary duty, or she could recover in the California divorce the value of her LLC interest lost through Ross White's waste or dissipation of marital assets. *See Vai v. Bank of Am. Nat'l Trust & Savings Ass'n,* 56 Cal.2d 329, 15 Cal. Rptr. 71, 364 P.2d 247, 255 (1961) (explaining husband is under a fiduciary duty with respect to his wife's interest in community property under his control and management). Because of her ability to vindicate any loss of value of her ownership rights through other means, she cannot satisfy the second prong of the Rule 24(a) test requiring that the lack of intervention impede or impair those rights.

III

[¶ 54] For the reasons stated, I would conclude Susan White failed to establish she was entitled to intervene in the contract for deed foreclosure action. Based on that ruling, her filings in the action were properly disregarded and the evidence before the district court warranted foreclosure of the contract for deed. I therefore would affirm.

[¶ 55] LISA FAIR McEVERS, J., concurs.