# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 197

Wayne Munson,                                                    Plaintiff and Appellant

v.

Indigo Acquisition Holdings, LLC,
Akoya Capital, LLC, and
Denny Chandler,                                                  Defendants and Appellees

No. 20190027

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Chad C. Nodland, Bismarck, ND, for plaintiff and appellant.

Jason R. Asmus (argued) and Charles B. Rogers (on brief), Minneapolis, MN, for defendants and appellees.

**VandeWalle, Chief Justice.**

[¶1] Wayne Munson appealed from a district court judgment granting Indigo Acquisition Holdings' (IAH) motion for judgment on the pleadings. We conclude that the transaction at issue is exempt under the North Dakota Securities Act. We affirm.

I

[¶2] In 2009, Munson and other employees of Indigo Signworks entered into an agreement to participate in a Stock Appreciation Rights (SAR) program rather than receive bonuses. Under the program, Munson would be paid for his SARs if Indigo Signworks was sold. In 2016, IAH, a Delaware corporation, purchased Indigo Signworks. Munson and other employees participating in the SAR program were paid for their SARs and had the opportunity to reinvest in IAH's membership units. On October 28, 2016, Munson purchased 12,500 Class A Units of IAH. In July 2018, Munson left his employment at Indigo Signworks to begin a competing sign company. IAH alleged this new business violated Munson's obligations under IAH's Amended LLC Agreement and filed suit in Delaware.

[¶3] In September 2018, Munson served IAH with a complaint seeking to void his purchase of the IAH Units. Munson argued the IAH Units he purchased are unexempt, unregistered securities under the North Dakota Securities Act. On October 1, IAH served their answer on Munson via U.S. Mail. At the time of IAH's answer, Munson had not yet filed the pleadings. After Munson filed the pleadings, IAH again served Munson via U.S. Mail on November 9. The district court found this paper service appropriate because Munson's counsel was not enrolled as a service contact for Munson under Odyssey, North Dakota's electronic service system.

[¶4] Accompanying IAH's November answer was a motion for judgment on pleadings pursuant to N.D.R.Civ.P. 12(c). In January 2019, the district court entered

judgment dismissing the case. In its memorandum and decision, the court found the only issue raised in Munson's complaint was whether the purchase of IAH Units was an exempt transaction under the North Dakota Securities Act. After finding the transaction exempt under N.D.C.C. ch. 10-04 as a matter of law, the court dismissed the case under N.D.R.Civ.P. 12(c), or alternatively, under N.D.R.Civ.P. 56.

[¶5] On appeal, Munson argues his purchase of IAH Units is not exempt under the North Dakota Securities Act; that IAH did not provide proper service under N.D.R.Civ.P. 5(b) and N.D.R.Ct. 3.2 and 3.5; and that the district court abused its discretion in denying his amended complaint. IAH argues this Court does not have subject matter jurisdiction to determine the enforceability of the LLC Member Agreement because Munson did not raise it in his complaint and the issue is currently being litigated in Delaware.

II

[¶6] A party may move for judgment on the pleadings under Rule 12(c), N.D.R.Civ.P. However, a court should not dismiss a pleading under N.D.R.Civ.P. 12(c) unless it appears beyond doubt that no set of facts support a party's claim which would entitle him to relief. *Kuntz v. State*, 2019 ND 46, ¶ 25, 923 N.W.2d 513. We view pleadings in the light most favorable to the pleading party and the allegations are taken as true. *Id.* If matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. *White v. T.P. Motel, L.L.C.*, 2015 ND 118, ¶ 15, 863 N.W.2d 915; N.D.R.Civ.P. 12(d).

[¶7] Summary judgment under N.D.R.Civ.P. 56 "is a procedural device for promptly resolving a controversy on the merits without a trial if there are no disputed issues of material fact and inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." *Davidson v. State ex rel. N.D. State Bd. of Higher Ed.*, 2010 ND 68, ¶ 11, 781 N.W.2d 72. All parties must be given a reasonable opportunity to present to the court all the material that is

2

pertinent to the motion. *White*, 2015 ND 118, ¶ 15, 863 N.W.2d 915. A district court's decision on a motion for summary judgment is a question of law reviewed de novo on the record. *Baker v. Sabinash*, 2015 ND 153, ¶ 5, 864 N.W.2d 436.

[¶8]    In this case, materials outside of the pleadings, including IAH's answer and attached exhibits, were presented to and not excluded by the district court. Because the court considered materials outside of the pleadings, the motion must be treated as one for summary judgment under N.D.R.Civ.P. 56. The court found there were no disputed issues of material fact and that the only legal issue raised in Munson's complaint was whether Munson's purchase of IAH Units is exempt from the North Dakota Securities Act.

[¶9]    Section 10-04-06, N.D.C.C., exempts the sale of certain types of unregistered securities in North Dakota, including some connected with employee benefits.

> Any security issued in connection with an employees' stock purchase, savings, option, profit-sharing, pension, or similar employees' benefit plan, including any securities, plan interests, and guarantees issued under a compensatory benefit plan or compensation contract, contained in a record, established by the issuer . . . for the participation of their employees . . . .

N.D.C.C. § 10-04-06(11). "'Record' except in phrases 'of record', 'official record', and 'public record' means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form." N.D.C.C. § 10-04-02(17). Munson argues the court erred in finding the transaction was "contained in a record" as required under N.D.C.C. § 10-04-06(11).

[¶10]   In 2005, the legislature updated the North Dakota Securities Act "to improve uniformity" with the 2002 Uniform Securities Act. *Senate Industry, Business and Labor Committee*, 2005 N.D. Sess. Laws ch. 97 (H.B. 1176) (March 9, 2005 Testimony of Karen Tyler, ND Securities Commissioner). The 2005 amendments added "including any securities, plan interests, and guarantees issued under a compensatory benefit plan or compensation contract, contained in a record, established by the issuer, its parents, its majority-owned subsidiaries, or the majority-owned subsidiaries of the issuer's parent for the participation of their employment"

3

to N.D.C.C. § 10-04-06(11). 2005 N.D. Sess. Laws ch. 97 (H.B. 1176). The legislature also adopted the definition of "record" from the 2002 Uniform Securities Act. *Id.*; *see* N.D.C.C. § 10-04-02(17).

[¶11] Other North Dakota statutes, as well as the 2002 Uniform Securities Act, use additional language to specify action that must be taken for a record to satisfy requirements. *See* N.D.C.C. § 10-04-06(21) ("in a signed record"); Unif. Securities Act 2002 § 607(b)(5) ("contained in a record that is filed"). These requirements are not found in the language of N.D.C.C. § 10-04-06(11). Section 10-04-06(11) only states that the transaction must be "contained in a record." There is no statutory requirement that "a record" be filed, or even signed, to fulfill the requirements for exemption under N.D.C.C. § 10-04-06(11).

[¶12] In its decision, the court concluded that "by his own admission Plaintiff Munson has established the 'record' of ownership envisioned by N.D.C.C. § 10-04-02(17)." The court found the statute's record requirement was satisfied by Munson's declaration of ownership in his complaint, the "parties agree[ing] the transaction occurred," and the Stock Purchase Agreement submitted by IAH. We do not consider Munson's complaint or the parties' mutual acknowledgment of the transaction sufficient to serve as "a record" of the transaction for purposes of N.D.C.C. § 10-04-06(11). A record must be "inscribed on a tangible medium" or electronically stored in a way that "is retrievable in perceivable form." N.D.C.C. § 10-04-02(17). The parties' mutual acknowledgment of the transaction does not satisfy this requirement. Nor does a party's complaint initiating legal action suffice as "a record." To say otherwise would discourage parties from seeking legal redress because acknowledging the transaction in a complaint would create the statutorily required "record" that was previously absent.

[¶13] While we do not consider the parties' agreement that a transaction occurred or Munson's complaint sufficient to satisfy the record requirement of N.D.C.C. § 10-04-06(11), we agree that the Stock Purchase Agreement submitted by IAH qualifies as "a record." The district court determined that the Stock Purchase Agreement is "a

4

paper record memorializing the stock purchase," "is a record of an employees' benefit plan, compensatory benefit plan," and "a record that unambiguously evidence the purchase by Plaintiff Munson of limited liability company interest." This fulfills the statutory requirement of a record under N.D.C.C. §§ 10-04-02(17) and -06(11).

[¶14] Because the Stock Purchase Agreement served as a record of the transaction, the district court did not err in finding Munson's purchase of IAH Units exempt under N.D.C.C. § 10-04-06(11).

III

[¶15] Munson argues the district court abused its discretion in finding good cause for IAH's service by U.S. Mail rather than electronically through the Odyssey system.

[¶16] Rule 3.5(e)(1), N.D.R.Ct., provides that "[a]ll documents filed electronically after the initiating pleadings must be served electronically through the Odyssey system," and N.D.R.Ct. 3.5(e)(3) requires all attorneys to "provide at least one e-mail address to the State Board of Law Examiners for accepting electronic service." *See Inwards v. N.D. Workforce Safety & Ins.*, 2014 ND 163, ¶ 10, 851 N.W.2d 693. "On a showing of good cause, the court may grant appropriate relief if electronic filing or electronic service was not completed due to technical problems." *Id.*; N.D.R.Ct. 3.5(f). We review a court's decision to grant relief from improper service under the abuse of discretion standard. *Inwards*, at ¶ 14.

[¶17] Here, the district court waived IAH's service by U.S. Mail because Munson's counsel failed to designate himself as a service contact in the Odyssey system. The court stated:

> It is incumbent upon an attorney of record to ensure that the Odyssey system is properly updated so that he or she is designated as a service contact for a given case. . . . Plaintiff cannot, by his own failure, seek to take advantage of Defendants' inability to accomplish electronic service via the Odyssey system.

The court also found Munson's counsel was served twice via U.S. Mail and so suffered no prejudice from the lack of electronic filing. Based on the record, the court

5

did not abuse its discretion in finding good cause for IAH's service by U.S. Mail rather than electronic service.

IV

[¶18]   Munson argues the district court committed reversible error by not allowing him to amend his complaint. However, the record does not indicate Munson made a motion to amend his complaint. The only statement addressing the issue is the court's memorandum stating that "[w]ithin his argument at the time of the hearing Plaintiff Munson requested that should the Court be inclined to grant the motion for judgment on the pleadings that he be granted the opportunity to amend his Complaint." The court stated it would "deny an appropriate motion based upon a theoretical and unmade motion to amend."

[¶19]   "Under N.D.R.Civ.P. 15(a), once a responsive pleading has been served, a complaint may only be amended by leave of court or by written consent of the opposing party." *Kuntz*, 2019 ND 46, ¶ 47, 923 N.W.2d 513. The district court has wide discretion in deciding whether to permit amended pleadings after the time for an amendment has passed. *Id*. We will not reverse the district court's decision whether to grant a party's motion to amend unless there is an abuse of discretion. *Id.* When a proposed amendment would be futile, the district court does not abuse its discretion in denying a motion to amend the complaint. *Id.* An amendment is futile if it would not survive a summary judgment motion. *Ihli v. Lazzaretto*, 2015 ND 151, ¶ 18, 864 N.W.2d 483.

[¶20]   Our case law determines whether an amendment is futile or not based on the viability of the added claim. *See Darby v. Swenson Inc.*, 2009 ND 103, ¶¶ 12-13, 767 N.W.2d 147. If leave to amend is not sought until after a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record. *Johnson v. Hovland*, 2011 ND 64, ¶ 9, 795 N.W.2d 294. In that instance, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence.

6

*Id*. For an effective appeal, the issue must have been raised in the district court so the court could rule on it. *Ruud v. Frandson*, 2005 ND 174, ¶ 10, 704 N.W.2d 852. We have previously determined that a court is not obligated to consider a conditional motion that is not actually made. *See Frank v. Daimler-Benz, A.G., Stuttgart, West Germany*, 226 N.W.2d 143, 146 (N.D. 1975).

[¶21]  In this case, Munson offered "no indication of what amendments he would propose to make nor what the amended Complaint would state." Munson's brief to this Court also provided no support for what "other claims" he would pursue had he been allowed to amend his complaint. Without a motion to amend or explanation of the proposed amendment, the district court did not abuse its discretion.

V

[¶22]  Munson argues that IAH's LLC Member Agreement is against North Dakota public policy. However, this issue was not raised in Munson's complaint and the district court determined it did not have jurisdiction to consider the argument. The court found that Munson brought his complaint "on very narrow grounds seeking to void his voluntary purchase of the 12,500 Class A Units of Indigo Holdings" and ruled only on whether the transaction was exempt under the North Dakota Securities Act.  The court stated:

> Plaintiff Munson argues intensely regarding a number of aspects of the Amended LLC Agreement, its applicability to him, and the validity of the confidentiality and non-complete [sic] provisions contained therein. Those matters are pending in the Delaware Chancery Court. They are not issues that Plaintiff Munson has specifically raised in his North Dakota Complaint. These matters must be resolved before the Delaware Chancery Court and presumably under Delaware law. This Court is without jurisdiction to consider the arguments Plaintiff Munson makes regarding the Amended LLC Agreement. . . . Plaintiff Munson will

7

certainly be allowed to litigate his claims regarding the Amended LLC Agreement before the Delaware Chancery Court.[1]

[¶23] Subject matter jurisdiction is a question of law, which this Court reviews de novo, when jurisdictional facts are not in dispute. *Investors Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 57, 785 N.W.2d 863. Issues involving subject matter jurisdiction cannot be waived and can be raised sua sponte at any time. *Garaas v. Cass County Joint Water Resource Dist.*, 2016 ND 148, ¶ 4, 883 N.W.2d 436. "For subject-matter jurisdiction to attach, the particular issue to be determined must be properly brought before the court in the particular proceeding." *Id*. at ¶ 5 (*quoting Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 11, 580 N.W.2d 583). A court may not consider an action whenever it appears the court lacks jurisdiction on the subject matter. *Id*.; *Herzig*, at ¶ 57 ("For a court to issue a valid order or judgment, the court must have jurisdiction over both the subject-matter of the action and the parties.")

[¶24] Here, the court raised the absence of subject-matter jurisdiction in its memorandum order. The court found Munson did not specifically raise the issue of enforcing the Amended LLC Agreement in his complaint and that those issues were pending in the Delaware Chancery Court. Based on the record, we agree that the issues relating to the Amended LLC Agreement were not raised to the district court. The court properly determined it did not have subject matter jurisdiction over issues surrounding the LLC Member Agreement.

VI

---

[1]Although it is not the issue before us, we note that generally non-compete agreements are against North Dakota public policy. *See Osborne v. Brown & Saenger, Inc.*, 2017 ND 288, ¶ 13, 904 N.W.2d 34. Notwithstanding the ongoing case in the Delaware Chancery Court, provisions of the Amended LLC Agreement that violate North Dakota's statute regulating non-compete agreements could be properly raised at a later time. *See* N.D.C.C. § 9-08-06 (amended by 2019 N.D. Sess. Laws ch. 87 (H.B. 1351)).

8

[¶25]  We conclude that Munson's purchase of IAH Units is an exempt transaction under the North Dakota Securities Act. We affirm the judgment.

[¶26]  Gerald W. VandeWalle, C.J.
  Jon J. Jensen
  Jerod E. Tufte
  Daniel J. Crothers
  Lisa Fair McEvers